## SUCCESSION OF HENRY BLOCK.

An opposition may be made to the appointment of a curator of a succession, after the ten days' advertisement of the application have expired, if the appointment has not been already confirmed by order of court.

As a general rule, a woman cannot be appointed curatrix of an estate, but where she is an heir, or legatee, she may be.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. SUCCESSION OF
*T. H. Howard, ex parte,* for appellant.  The judgment of the court (*Eus-* BLOCK.
*tis,* C. J. being absent,) was pronounced by

PRESTON, J.  *John H. Bruns* applied for the curatorship of the succession of
*Henry Block,* a deceased minor.  *Bertha Block,* his aunt, and only heir in this
country, made opposition, and was appointed.'

It is urged, that her opposition was made too late, as the application of *Bruns*
had been advertised ten days.  But *Bruns* had not yet been appointed by an
order of court, and, therefore, she was in time to oppose the appointment.  *Suc-
cession of McKinney,* 4th Ann., 25.

Her appointment is opposed, on the ground that she is a female, and incapa-
citated by the 25th article of the Civil Code, which provides that women cannot
perform any civil functions, except those which the law specially declares them
capable of exercising.  Under this provision, it has been frequently held that
women could not be appointed the curators of estates.  4th Ann 538.  *Carraby*
v. *Carraby,* 7 N. S. 466.

But the law makes exceptions.  Thus, the 1114th article of the code provides,
that in contestations for the curatorship of a vacant succession, the surviving wife
shall be preferred to creditors, and we so held, in the case of *Sears* v. *Wilson,*
5th Ann., 689.  An act of the Legislature, passed in 1840, page 123, also recog-
nizes powers in an administratrix or curatrix, when an heir or legatee of the
deceased.  We think this a recognition of the capacity of females to perform
those civil functions, when thus interested in the property.  The reason of the
exception is very forcible.  In the present case, it is admitted, that the curatrix
is an heir of the deceased, and, as no other appears, may be the owner of the
whole property.  It would be most unreasonable to give its administration to a
stranger, when she claims it herself.

The judgment of the district court is affirmed, with costs.