## M. D. MARVEL v. A. G. MANOUVRIER.

A judgment will be annulled, which was rendered against a party on whom no service of the petition and citation was made, but for whom an answer was filed by an attorney at law without authority. By our law, which differs from the common law, the attorney in such a case is responsible to the plaintiff for having undertaken without authority to represent him in a court of justice.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *R. Waples*, for plaintiff. *A. W. Jourdan*, for defendant and appellant.

MERRICK, C. J. The defendant was the holder of a promissory note drawn by one *Engman* to the order of *M. D. Marvel*, the plaintiff. The note was indorsed by *Marvel* and protested for non-payment by the holder.

Thereupon, the defendant filed his petition in the Sixth District Court of New Orleans, against the maker and indorser to recover judgment and enforce payment of the note.

Citations were made out by the Clerk, and also copies of the petition. These, instead of being served, appear to have been handed to *Engman*. *Engman* took the two copies of the petition to a member of the bar, (who supposed he had authority for that purpose,) and employed him to defend the action both for himself and the indorser. In pursuance of this retainer, the attorney filed an answer for both defendants. The case was tried upon the issue thus formed, and judgment rendered in favor of *Manouvrier*, the plaintiff in that action.

The first intimation *Marvel* had of the proceedings, as it appears by the record, was the seizure of his property upon execution. He thereupon injoined the execution and instituted the present action of nullity against the judgment, on the ground that he was never cited and that he had never authorized the attorney to represent him in the suit. His petition is accompanied by the proper affidavit, and its allegations, as to the absence of authority in the attorney, are supported by the testimony of the lawyer who filed the answer, the same being received without objection.

No improper motives are imputed to the attorney. The production by *Engman* of the two copies of the petition, coupled with the fact that it is usual for the makers of accomodation notes to employ counsel to defend the indorsers as well as themselves, was well calculated to deceive the most cautious.

From a judgment perpetuating the injunction and annulling the decree against *Marvel, Manouvrier* prosecutes this appeal.

The ground on which he expects a reversal of the judgment, is thus stated by his counsel : " The question is not, whether the citation and petition were served on *Marvel*, for it is not contended that such was the case ; but, that the service was waived by the answer ; that if the answer were signed by *Marvel*, he could not allege a want of service, nor can he now, that an attorney of this court has answered for him, unless he can show that he did not authorize him to appear, *coupled with the further fact that he had a good defence, or that fraud was practiced upon him*."

In support of this position, sundry decisions of the common law courts are cited, some *dicta* of this court in cases supposed to be analogous, and the case of *Walworth* v. *Henderson*, 9 An. 339. This last case supports fully the doctrine contended for by defendant, but then, the reasoning of the court is all in reference to a judgment rendered in the State of Mississippi, upon the appearance entered by an attorney there, and the court was only considering the effect of such appearance at common law. It can have no application to a case arising in our own courts. Such a case must be settled by the laws of Louisiana.

In this case, judgment has been rendered against a party, without service of petition and citation, and without any authorized appearance by any one on his behalf. Whilst the proceedings were all fresh in the minds of the parties, and in less than three months from the date of filing the petition, the month following the rendition of the judgment, and immediately on the service of the notice of seizure, this suit was instituted, thus placing it in the power of the defendant to show the authority, if any existed.

The case is, therefore, free from the suspicion which necessarily attaches to the disavowal of the acts of an attorney many years after they were performed, and after the proof of the authority has been rendered difficult. It presents under the

proof the simple question, whether, in the absence of service of petition and cita- <span style="float:right">MARVEL<br>v.<br>MANOUVRIER.</span>
tion, a party can be bound by an appearance entered and answer filed by an attor-
ney at law, without authority. We think it is clear under our law, that he cannot
be so bound.

It is *the attorney of the defendant*, that is, some one whom he has retained and
employed, who is by Art. 177'of the Code of Practice authorized to acknowledge
that the petition has been duly served. No other person is by law authorized to
perform this act for defendant. See 8 N. S., 234; 1 An. 398; 2 An. 840.

In this, as in the case of the returns of Sheriffs, our law appears to differ from
the common law. At common law, the return of the Sheriff cannot be contra-
dicted by the parties to the suit. 9 An. 340. Under our law, such return, even in
regard to citations on which judgments have been rendered, may be shown to be
false. *Sloan* v. *Menard*, 5 An., 219; *Delogny* v. *Smith*, 3 L. R. 422; 3 L. R. 476,
1 An. 297, 2 An. 846, 16 L. R. 441.

At common law, it seems the unauthorized entry of appearance by an attorney
will bind the party, provided the attorney is able to respond in damages to the
extent of the injury suffered by the defendant. Under our law, the plaintiff is
left to his remedy against the attorney who, without authority, undertakes to
appear for and represent another in a court of justice, (Pothier, Cour de Mandat.,
₴130, vol. 5, p. 274,) and the proceeding is treated as voidable, if not void. 5 An.
219, *Sloan* v. *Menard*, already cited. The party is not bound to show that he had
a defence to the action. He may do that when he is cited.

The judgment appealed from must, therefore, be affirmed.

Judgment accordingly.