No. 11,471.

## W. K. BENDER (VICKSBURG BANK SUBROGATED) vs. JAMES R. McDOWELL.

The substance of our jurisprudence on the subject is that a certain degree of sanctity attaches to the *act* of an attorney at law as an officer of court, which raises a legal presumption that it was authorized, and imposes on the client denying his authority the duty of supporting his denial with an oath, in order to overcome that presumption and put the opposite party to the proof of his authority.

But this rule is not exclusive of all others; and such an oath is not a condition precedent to the administration of any proof on the part of the party who denies the authority of the attorney. It is permissible for such party to go on the stand and testify on the subject.

APPEAL from the Seventh District Court, Parish of Madison. *Montgomery, J.*

---

*A. L. Slack* Attorney for Plaintiff, Appellant:

Where, in an action under R. C. C. 3547 to revive a judgment, the defence is that the attorney who represented the defendant and waived service of the petition, upon which judgment by default was confirmed, was unauthorized, such allegations must be supported by the oath of the defendant, as a condition precedent to setting up such want of authority in the attorney. " No contrary doctrine has ever been held." Dockham vs. Potter, 27 An. 74; citing and affirming, 9 M. 88; 10 M. 639; 8 N. S. 232-5; 4 R. 23; 12 R. 95-7; 1 An. 393; 3 An. 558; 5 An. 118; 10 An. 67; 24 An. 238; 20 An. 204.

A defendant in such a suit, who thus failed to verify such allegations by a previous oath as to their verity, should not be permitted to testify in his own behalf.

Evidence going to show the motive or inducement upon which a party acted, and what was said and done at the time, is not hearsay, but original evidence; so where the attorney of the plaintiff in the original suit offers to prove what the attorney of the defendant said and did in regard to his waiver of service of the suit sought to be revived, such testimony is not only in rebuttal, but is part of the *res gestæ;* and unqualifiedly so, when the attorney who acted for the defendant is dead, and can not testify in his own behalf.

An attorney can " waive the service of the plaintiff's petition." C. P. 177; 8 N. S. 34-5; 1 An. 398; 6 An. 709.

Bender vs. McDowell.

Waiver of service is a legal notice to the defendant of the pending suit, and " such waiver has the same effect as if citation had been served by the sheriff." Sexton vs. Brooks, 12 La. 596 · So in the defence here, it is on a parity with a case in which a defendant sues to annul a judgment, on the ground that the return of the sheriff on the citation is false. 24 An. 332.

The burden of proof is on the defendant, for he must show "good cause why the judgment should not be revived." R. C. C. 3547; Levy vs. Calhoun, 34 An. 415.

The uncorroborated testimony of the defendant in his own behalf, against the acts of a dead man, is of the weakest kind, and not entitled to sufficient weight to warrant a judgment. Such testimony should be "strengthened by strong, or at least reasonable, additional independent proofs." 37 An. 97; R. C. C. 2283.

*E. D. Farrar* and *W. M. Murphy* Attorneys for Defendant and Appellee:

1t can not be for a moment doubted that a party condemned without citation or hearing could sue to have the fact judicially determined, and yet more evidently that he may use the same fact as an exception to preserve his rights if sued. This he may do at any time the judgment so obtained is sought to be enforced against him for any purpose or in any manner, and even could it be held that he must bring such a suit within a fixed time, as it can not, by the express terms of Art. 612, C. P., nowhere and to no class of cases is more applicable the maxim, *Quæ temporalia*, etc. Conery vs. Rotchford, Brown & Co., 30 An. 692.

In an action to revive a judgment defendant is permitted to show want of citation or the nullity of the judgment resulting from any cause. And defendant, setting up the defence that counsel in the original suit had no authority to represent him, need not file an affidavit of want of authority in the attorney as a prerequisite to establishing that fact on trial. 30 An. 363; 27 An. 74.

The opinion of the court was delivered by

WATKINS, J. This is an action to revive the judgment rendered in the case of W. K. Bender vs. J. R. McDowell, on the 11th of June, 1883, of which the subrogee subsequently became owner; to which the defence tendered in the answer is, that no valid judgment had originally been rendered against him, as he had never been cited. The answer specially denies that he ever employed or authorized *any* attorney to represent him in said proceeding, either to make an appearance, to accept service, or in any manner whatever.

In the record appears a written acceptance of service of the suit in which judgment is sought to be revived, and citation waived, by Spencer & Lucas, as attorneys for the defendant. And on this acceptance and waivor a judgment by default was entered, which was made final on the day the judgment was signed.

When the defendant was offered as a witness in his own behalf, the plaintiff objected to his evidence on the ground that he could not be heard to testify as to want of citation, or that the counsel who represented him was unauthorized to represent him, because he had not made oath to the truthfulness of the averments of his answer.

This objection was overruled in the court below, and the plaintiff's counsel retained a bill of exceptions.

As this is the controlling question in the case, and it is presented at the threshold of the investigation, it must be disposed of preliminarily.

We note the concession stated in the brief of defendant's counsel and its qualification, which are as follows, viz.:

"Plaintiff's second objection was that defendant had not denied, under oath, the authority of counsel who pretended to represent him; and counsel relies confidently on the case of Dockham vs. Potter, 27 An. 74, and the authorities there cited.

" That case and the authorities cited simply decide that the party alleging want of authority in an attorney who appears in court must prove the fact of want of authorization. It is, of course, clearly settled in our jurisprudence, that when an attorney so appears, being a sworn officer of the court, the presumption is that he is authorized to represent his principal; and so strong is the presumption, that the court will not listen to a party who denies the authority, unless the denial is supported by an affidavit. But in the cases relied on, the state of facts existing were very different from the facts of this case.

"In Dockham vs. Potter, plaintiff sued to annul a judgment rendered against her on the grounds of want of citation, alleging want of authority in the attorney who appeared for her.

" She not only did not support her allegations by affidavit, but did not offer one word of testimony to disprove the authority.

"The court very properly held that her bare allegations would not outweigh the presumption of authority in the attorney.

" And in every case cited in that opinion, it will be found that where a party has not been permitted to overthrow the presumption of authority in his attorney, it was where the party simply relied on his naked denial of authority, without attempting to show the fact by sworn testimony."

The proposition of the plaintiff is, that when, in an action to annul a judgment, the defendant sets up as a defence, its absolute nullity

because it was not founded on citation, and in support of that contention alleges, in his answer, that the attorney who accepted service was not authorized, he is obliged to support that averment by his oath as to its truthfulness, as a condition precedent to making *any* proof of such want of authority on the part of the said attorney.

The leading case on the question is Dockham vs. Potter, 27 An. 74; and as plaintiff's counsel has reproduced in his brief pertinent extracts therefrom, we will quote them in their entirety as the best mode of presenting the view entertained by the court. They are as follows, to-wit:

"His authority to consent to the judgment   *   *   *   has not been denied under oath by the plaintiff, and, until thus denied, the defendant was not required to prove it. He, the attorney, was a sworn officer bound by his oath, as well as by the principles of integrity and honor which ought to characterize the profession of which he was a member, to act correctly in its pursuits. Thus situated, it is not to be presumed that he acted in the present case without authority. On the contrary, every presumption is in favor of his having pursued a proper course of conduct, unless the contrary should be suggested by the opposite party on affidavit.   *   *   *   Hays vs. Curry, 9 M. 88. And this has been the uniform doctrine of this court since that decision." Citing: 10 M. 639, Johnson *et al.* vs. Brandt; 8 N. S. 233, Dangerfield vs. Thurston; 4 R. 23, Bonnefoy vs. Landry; 12 R. 95-97, Fisher vs. Moore; 1 An. 398, Conrey vs. Brenham; 3 An. 558, Campbell vs. Arceneaux; 5 An. 118, Barnes vs. Profilet; 10 An. 67, Jeanney vs. Ricker; 24 An. 238, Succession of Massieu.

The court further said:

"That an attorney at law   *   *   *   is presumed to have authority to do so was expressly decided in the case of Dangerfield vs. Thurston, 8 N. S. 235, and nothing to the contrary has ever been held by this court. If the plaintiff desired this court to notice the suggestion that the attorney at law   *   *   *   had no authority to do so from herself and husband, she should have alleged the fact under oath, which she has not done.

"As additional authority I refer to Succession Patrick, 20 An. 204."

In an almost uniform manner of expression, the same precept has been announced in many preceding cases.

In Barnes vs. Profilet, 5 An. 117, it was said that "the attorney's

authority must be presumed until disproved," citing Hayes vs. Curry, 9 Martin, 88; Dangerfield's Executor vs. Thurston, 8 N. S. 234; Conrey vs. Brenham, 1 An. 398.

In Campbell vs. Arceneaux, 3 An. 558, it was said that "it is obvious that we can not permit a party to impugn the authority of the attorney upon a mere suggestion, etc. * * * Such a course is repugnant to all sound rules of law, and to the authority which courts are bound to accord to their officers."

In Succession of Massieu, 24 An. 237, it was said that "aside from the proof in the record, the authority of the attorney will not be presumed." Citing 9 M. 88; 10 M. 639; 12 R. 95; 3 An. 558; 5 An. 118; 10 An. 66.

In Succession of Patrick, 20 An. 204, it was said that "we must presume that the counsel was authorized to represent his clients, the contrary not being supported by oath."

Taken all in all, the conclusion is, that a certain degree of sanctity attaches to the *act* of an attorney at law, as an officer of court, which raises a legal presumption that it was authorized, and imposes on the client denying his authority the duty of supporting his denial with an oath, in order to overcome that presumption and put the opposite party to proof. We find no case which goes to the extent of holding that the making of such an affidavit is a condition precedent to the administration of any proof under his plea. We think it was competent for the defendant to be heard.

The district judge seems to have entertained a correct view of the law, and properly overruled the objection of plaintiff's counsel and admitted the evidence of the defendant as witness on the subject.

On the merits of the case, there seems little doubt of the *sufficiency* of the defendant's evidence to justify the judgment rendered in his favor.

His statement under oath as a witness is positive to the effect, that he had no knowledge of the *existence* of the suit until seven or eight years after its date; and only then became aware of it by accident.

That he never employed the attorneys who acted as his counsel in the case, and accepted service of the petition in his name. That he never had any conversation with them about it.

Counsel for plaintiff has, *ex industria*, collated quite a number of collateral facts and historical circumstances indicative of the employment of the said counsel. He also cites the circumstance of

both members of said law firm being dead, thus rendering it impossible for the defendant's testimony to be contradicted by them—insisting upon the rigorous enforcement of the rule so often applied in such cases, that such testimony is the weakest of all evidence, and entitled to little or no credit.

Accepting this view and giving it due weight, we do not feel at liberty for that reason to disregard the plain and emphatic statement of the defendant—however persuasive and cogent the argument against it may be.

His evidence is terse and unequivocal, and in no manner contradicted.

We see no reason for altering the decree of the court *a qua.*

Judgment affirmed.