(38 South. 429.)

No. 15,384.

C. S. BURT & CO. v. LAPLACE.

(March 27, 1905.)

PARTNERSHIP—LIABILITY OF PARTNER IN COMMENDAM—PERSONAL JUDGMENT.

Only the fund which the partner in commendam has contributed, or engaged to contribute, enters into the firm; he himself does not. Hence the firm is without authority to take him into court; and if it does, and a judgment is rendered against him personally in the suit on a reconventional demand, the judgment must be considered as having been rendered without citation or equivalent notice, and to be null, and incapable of revival, and in the suit for revival the facts going to show such want of citation may be proved.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by C. S. Burt & Co. against B. Laplace. Judgment for defendant was affirmed on appeal. Proceedings by defendant to revive. From a judgment of revival, Rufus F. Learned appeals. Modified.

Lapeyre, Monroe & Breazeale, for appellant Rufus F. Learned. Charles Joseph Théard, for appellee B. Laplace. Robert Hardin Marr, for appellee C. S. Burt. Bernard Bruenn, for appellee S. S. Lees.

PROVOSTY, J. From the title of this suit it would appear that C. S. Burt & Co. were demanding something of Mrs. Laplace; but, on the contrary, it is she who is demanding something of them. Some 12 years ago she obtained a moneyed judgment on a reconventional demand in this suit, and she is now seeking to interrupt prescription on this judgment, or, as the expression is, to revive it.

In bringing this suit C. S. Burt & Co. alleged itself to be a commercial partnership, and to be composed of Charles S. Burt, Rufus F. Learned, and Saml. S. Lees. Mrs. Laplace reconvened, praying judgment against the firm and its members in solido, and judgment was so rendered. An appeal was taken, and on the appeal the judgment was affirmed.

Rufus F. Learned resists the revival as to himself. He avers, and by the duly recorded articles of partnership he proves, that he was only a partner in commendam in the firm of C. S. Burt & Co., and he avers and he testifies that, barring his said interest as a partner in commendam, he had no connection with the suit, and not only did not authorize any one to appear for him in it, but knew absolutely nothing of it until he was communicated with by the curator ad hoc appointed to represent him in the revival proceeding, he having been at the time of the suit and continuously since a resident of Natchez, Miss. Under these circumstances he contends that the firm was without

authority to take him into court, and that consequently the judgment against him was rendered without citation or equivalent notice, and is a nullity.

The contention must be maintained. Corroborated as it is by the circumstances of the suit, and uncontradicted as it is, the testimony of Learned to the effect that he did not know of the suit, and still less authorized any one to appear for him in it, must be accepted as true, and there can be no question that a firm is without authority to take a partner in commendam into court. The relation of such a partner to the firm is in the nature of a stockholder's to the corporation. He "is not considered a partner further than is provided for in this section," says article 2844, Civ. Code; that is to say, his only relation to the firm is that he has a certain fund therein, or that he must contribute a certain fund thereto, if he has engaged to do so. Only this fund, or this obligation to contribute, stands in the firm; he himself does not. He cannot act for the firm nor the firm for him.

"La personne du commanditaire n'entre pas dans la société." Dalloz, vol. 40, p. 650. "Les commanditaires ne sont dans la société que par les choses qu'ils ont apportées, ou qu'ils doivent apporter, et non de leurs personnes." Molinier Traité De Droit Commercial, p. 493, No. 547.

The distinguished counsel for Mrs. Laplace argues that the questions of whether Learned was a partner in commendam or an ordinary partner, and whether or not he authorized counsel to appear for him, were closed by the judgment, and that the case cannot now be reopened to take evidence on these points.

But, necessarily, a case is always open for taking evidence on the question of citation vel non; for, if there was no citation, there is no judgment, and nothing is closed. To say that the case is closed by the judgment is to beg the question. The question is as to whether there is a judgment; and there is

none, if there was no citation or equivalent notice. In Bender v. McDowell, 46 La. Ann. 393, 15 South. 21, where judgment had been rendered on an acceptance of service of petition and waiver of citation by attorneys, the defendant was permitted to resist the revival on the ground that the attorneys had had no authority to act for him. Indeed, not only the defendant may set up such want of citation, but it would almost seem as if he must; for his failure to do so when he is duly cited on the application for revival would look very much like a tacit acknowledgment of the legal existence of the judgment. This, however, is said merely in passing.

The conclusion must be that Learned was not a party to the suit, and that, in consequence, the judgment was rendered without citation, and is an absolute nullity. Ordinarily, a judgment debtor's mere denial that he authorized counsel to appear for him will avail little or nothing; but under special circumstances, as in the Bender Case, cited above, and in this case, such denial, when uncontradicted, is conclusive.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside in so far as it revives the judgment as to Rufus F. Learned and condemns him to pay costs, and that otherwise it be affirmed; that as to Rufus F. Learned the plaintiff's demand in revival be rejected; that appellee pay costs of appeal.