SOMMERYILLE, J.
Plaintiffs allege that they, together with defendants, about 20 altogether, are the heirs of Dorton Smith and his wife, Mrs. Lucretta Smith, and that they own in indivisión certain land in Washington parish, which they ask to have partitioned.
They further allege that their coheir, George Smith, one of the defendants, sued for a partition of this same land in a previous *971 suit, and that it was sold to him for $500, when it was inventoried and appraised at $2,500. They allege further irregularities in the partition suit of George Smith, and they ask for judgment declaring all of the proceedings in the first partition suit, including the sale of the property to George Smith, to be decreed null and void.
There was judgment in favor of plaintiffs, and defendant George Smith has appealed. The other defendants have not appealed.
One of the irregularities complained of in the first partition suit is that Mrs. Lucretta Smith and her husband, I-I. Marshall Smith, the former the coheir and co-owner with plaintiff in that suit, were not cited and did not appear therein, and that the judgment against Mrs. Lucretta Smith is therefore a nullity.
The entire record of the first suit was offered in evidence. It is alleged in the petition therein that Mrs. Lucretta Smith and H. Marshall Smith, her husband, were residents of Washington parish, where the suit was filed; yet in the prayer plaintiff asked that they be cited “through their curator ad hoc”; and there is an order appointing Gordon W. Goodbee “to represent the absent defendants, viz., * * * Lucretta Smith and Marshall Smith, her husband,” etc. Mr. Gordon W. Goodbee qualified as curator ad hoc to the parties named. Citation was served upon him as the curator ad hoe of Mrs. Lucretta Smith and Marshall Smith, her husband. But in his answer as curator ad hoc he does not appear for or mention Mrs. Lucretta Smith or her husband, and they were not therefore represented by him in his capacity as curator on the trial of the cause. But, on the same day that he filed his answer as curator for other defendants in the ease, he also filed a separate answer as regular counsel for Mrs. Lucretta Smith and her husband. Plaintiffs here allege that they did not authorize Mr. Goodbee to appear and answer for them or to represent them in any manner.
Mr. H. Marshall Smith testified that he and his wife were never cited in the cause, and that they did not authorize Mr. Good-bee to represent them or to file answer in their behalf.
Mr. Goodbee also testified in the cause, and he did not contradict the testimony given by Mr. H. Marshall Smith. The conclusion is forced upon us that Mr. and Mrs. H. Marshall Smith did not authorize Mr. Goodbee to appear for them and answer.
Although George Smith alleged that Mr. and Mrs. H. Marshall Smith resided in Washington parish, the testimony of the latter is that he resided in Pike county, Miss., at the time that the first suit was filed.
Mr. and Mrs. PI. Marshall Smith were therefore not represented in the case either by a curator ad hoe or by counsel. They were not cited; they did not answer; and no default was entered' against them. This is fatal to the whole proceeding.
In a partition suit between coheirs, all of the heirs must be cited and represented. And if they are not all before the court, the proceedings are null not only for the heir not represented but for all the heirs. A partition cannot subsist for one and he annulled for another. All the heirs are relieved from the partition when one is relieved. C. C. arts. 1329, 1412; C. P. arts. 1024, 1025.
The judgment appealed from is affirmed.