(94 South. 421)

No. 25227.

**LEVY et al. v. SIMON et al.**

(Oct. 30, 1922.   Rehearing Denied Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Absentees ⬤⟀5—Woman other than absentee's wife could not be appointed curatrix.**

Under Civ. Code, art. 48, and article 25, prior to its amendment by Act No. 33 of 1921 (Ex. Sess.) a woman other than the wife of an absentee, presumably alive, could not be appointed as curatrix in the absence of special statutory authority, and, there being no such statutory authority, such appointment was unauthorized.

2. **Absentees ⬤⟀5—Statute held not to authorize appointment of woman as curatrix.**

Act No. 147 of 1918, making women eligible to qualify and perform the duties of administrator in succession matters, does not authorize the appointment of a woman as curatrix of the estate of a living absentee.

3. **Absentees ⬤⟀3—Statute removing disqualification as curatrix inapplicable to suit in which land adjudicated before its passage.**

Act No. 33 of 1921 (Ex. Sess.) amending Civ. Code, art. 25, to make women as well as men capable of all kinds of engagements and functions except where the law declares the contrary, or in case of disqualification of particular individuals, had no application to a partition suit in which a woman was appointed curatrix for an absentee, where the adjudication of the property to the purchaser was prior to the passage of such act.

4. **Death ⬤⟀2(1)—Person presumed living after absence of 15 months.**

A person last seen alive is presumed, after the lapse of only 15 months, and in the absence of proof to the contrary, to be still living, although when last seen he was going towards a river, and though he had made repeated efforts to commit suicide, and left a note saying he intended to kill himself.

5. **Absentees ⬤⟀7—Service on disqualified curatrix null.**

Service on one appointed curatrix for an absentee who was not qualified to represent the absentee was no service at all.

6. **Absentees ⬤⟀5 — Partition proceeding and sale therein null when disqualified person appointed as curatrix.**

Where a necessary party to a partition suit was served only by service on a curatrix who was not qualified for appointment as such, the partition proceeding and the sale to effect a partition were null and void, not only as between the absentee and the purchaser, but as to all the other parties.

St. Paul, J., dissenting.

---

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Partition suit by Mrs. Bella Levy, wife of Samuel Marcuse, and others, authorized, etc., against Mrs. Sarah Levy Simon and another. From a judgment condemning J. J. Hennessey to accept title to real estate adjudicated to him at public auction, he appeals. Judgment annulled, avoided, and reversed, sale and adjudication decreed null and void, plaintiff's demand rejected, and judgment rendered for Hennessey on his reconventional demand.

George Montgomery, of New Orleans, for appellant.

Charles Rosen, John D. Nix, Jr., and F. F. Teissier, all of New Orleans, for movers in rule, appellees.

Daniel Wendling, of New Orleans, amicus curiæ.

By the WHOLE COURT.

LAND, J. This is an appeal taken by J. J. Hennessey from a judgment of the civil district court for the parish of Orleans condemning him to accept title to certain real estate which was adjudicated to him at public

auction in a partition sale between plaintiffs and defendants, the heirs of Leopold Levy, and of his deceased wife, Caroline Oury. The property involved herein is a part of the community property, having been acquired by Leopold Levy by purchase the year before his wife, died. Under judgment rendered and signed on August 5, 1921, the property was sold, after legal advertisement, by Samuel L. Jacobs, auctioneer, to J. J. Hennessey, appellant, on September 8, 1921, for the price of $4,975. Alleging the adjudication to Hennessey of this property that a clear and unincumbered title had been tendered to him, and that the adjudicatee, illegally and without cause, refused to accept said, property, the heirs of Leopold Levy and of his deceased wife proceeded by rule against the purchaser to compel him to take title to said property and to pay the purchase price thereof in accordance with the terms of said adjudication.

In his return filed to this rule Hennessey admits the adjudication as alleged and his refusal to accept title and to pay the price, but denies that a good and valid title, free from suggestion of litigation, has been tendered to him, for the following reasons, to wit:

(1) "That there is no proof in the record to show whether or not Moses Levy is dead or alive, and, if alive, there is no proof that he is absent from the state of Louisiana."

(2) "That said Moses Levy is not properly before the court, either in the partition suit or in this rule, and therefore any judgment which may be rendered herein is not binding on said Moses Levy, if he be dead, or, if alive, if he be within the state of Louisiana."

(3) "That the appointment of Mrs. Sarah Simon, as curatrix of Moses Levy, in the matter of the succession of Leopold Levy, is and was an absolute nullity, because the judge making the appointment had neither power nor jurisdiction to appoint a curator in that proceeding."

(4) "That, if the judge had such power and jurisdiction, there is no law which authorizes the appointment of a woman, not the wife of the absentee, as curatrix, and, if there is, she has not qualified properly by giving bond and recording same."

While other objections are urged in the answer to this rule by the adjudicatee, we deem it necessary to consider only the objection "that there is no law which authorizes the appointment of a woman, not the wife of the absentee, or curatrix," as this objection, in our opinion, is well taken and disposes finally of this case.

Moses Levy is one of the five heirs of Leopold Levy and Caroline Oury, his deceased wife, and as such he has an interest in the property adjudicated to Hennessey, and was made a codefendant with his sister, Mrs. Sarah Levy Simon, in the suit for partition of the community property inherited by said heirs. He was therefore a necessary party to said partition suit, and being an absentee, as shown by the allegations of the petition asking for the appointment of a curatrix, and also by the facts set forth in the affidavit in support of proof of his absence, it became necessary for the court to appoint a curatrix to represent him in that proceeding. Mrs. Sarah Levy Simon applied to be appointed curatrix of her brother, Moses Levy, and was so appointed by the judge of the civil district court of the parish of Orleans, and qualified as such. She represented the absentee in the partition suit as curatrix, and also represents him in that capacity in the present proceedings by rule in this case against Hennessey, the adjudicatee.

[1, 2] Article 48 of the Civil Code, under the title "Absentees," and the heading "Of the Curatorship of Absentees," provides that—

"In the appointment of this curator, the judge shall prefer the wife of the absentee to his presumptive heirs, the presumptive heirs to the other relations, the relations to strangers, and creditors to those who are not otherwise interested, provided, however, that such persons be possessed of the necessary qualifications."

We fail to find under this title of the Civil Code, or elsewhere in its provisions, any special authority for the appointment of a wo-

man, other than the wife of the absentee, as curatrix. Article 25 of the Civil Code declares:

"Men are capable of all kinds of engagements and functions, unless disqualified by reasons and causes applying to particular individuals. Women cannot be appointed to any public office, nor perform any civil functions, except those which *the law specially declares* them capable of exercising." (Italics ours.)

It follows, therefore, that, in the absence of special statute or special codal provision, a woman, other than the wife, cannot be appointed as curatrix of an absentee. Able counsel for appellees have failed to direct our attention to any special enactment on this subject, except Act 147 of 1918. This act is entitled:

"An act to authorize women to be appointed and qualified as administrator *in all probate matters.*"

And section 1 of this act provides:

"That women shall be eligible to qualify and perform duties of administrator in all *succession matters.*" (Italics ours.)

The act in question clearly relates to the administration of the estates of deceased persons, and not to the estates of mere absentees who are alive. Moreover, under article 25 of the Civil Code, there must be some law specially declaring women to be capable of discharging the duties of curatrix of absentees. It is a matter, therefore, which is not left to mere implication, but depends solely upon express statutory provision declaring women capable of exercising such civil functions.

[3] In this connection, we deem it proper to observe that article 25 of the Revised Civil Code was amended by Act 33 of 1921 so as to read as follows:

"Men and women are capable of all kinds of engagements and functions, except where the law declares to the contrary, and unless disqualified by reasons and causes applying to particular individuals."

This act was approved by the Governor November 10, 1921; and was not in force at the date of these proceedings and of the adjudication of the property in question to Hennessey, and therefore has no application to the present case.

Counsel for appellees cite the Succession of Block, 6 La. Ann. 810, and the Succession of Barber, 52 La. Ann. 960, 27 South. 363, as authority sustaining the appointment of the curatrix of the absentee in this case.

In the Block Case John H. Bruns applied for the curatorship of the succession of Henry Block, a deceased minor. Bertha Block, his aunt, and only heir in this country, made opposition and was appointed. This court on appeal affirmed the judgment, holding that while, as a general rule, a woman cannot be appointed curatrix of an estate, where she is an heir, or a legatee, she may be, citing an act of the Legislature passed in 1840 recognizing powers in an administratrix or curatrix, when an heir or legatee of the deceased. The court said:

"The reason of the exception is very forcible. In the present case it is admitted that the curatrix is an heir of the deceased, and, as no other appears, may be the owner of the whole property. It would be most unreasonable to give its administration to a stranger when she claims it herself."

This decision is not applicable to the present case, for the reason that Mrs. Sarah Levy Simon has not applied to be appointed curatrix of the succession of Moses Levy as his heir or legatee. On the contrary, she alleges that he is an absentee, and necessarily admits that he is absent and alive. The decision in the Block Case and the act of the Legislature of 1840 relate exclusively to the appointment of a curatrix of the estate of a deceased person, when the applicant is an heir or legatee of the decedent, and has no reference to the appointment of a curatrix of an absentee.

We find nothing in the Succession of Bar-

ber, 52 La. Ann. 960, 27 South. 363, to the contrary. In that case there was a contest between the surviving wife, who was an heir, and a creditor of the succession of Barber, over the appointment of administrator, the court holding that the surviving wife and heir had preference over any creditor. The court said:

"In this case the wife has preference, and a married woman, though not capable of civil functions, may administer a succession of which she is to be heir, and the right to administer gives her the right of preference over a creditor. 'In contestations concerning the curatorship of vacant successions and those of absent heirs the judge shall grant the curatorship to the surviving husband or wife, in preference to the creditors of the deceased; to the creditors, in preference to those who are not.' "

. The court cites in its opinion article 1121 of the Civil Code, under the title of "Successions." This article declares that—

"In contestations concerning the curatorship of vacant successions and those of absent heirs, the judge shall grant the curatorship: To the surviving partner *of the deceased*, in preference to the heir present or represented, unless the partnership has been a commercial one. To the heir present or represented, in preference to the surviving husband or wife, if *the deceased* were married. To the surviving husband or wife, in preference to the creditors *of the deceased*; to the creditors, in preference to those who are not." (Italics ours.)

[4] It is not alleged in this case that Moses Levy, the absent heir, is deceased. It is not alleged that his succession is vacant. He is declared to be merely an absentee in the petition asking for the appointment of a curatrix. The affidavit presented in support of this petition, and filed two days subsequently, states that he was last seen on the 4th day of March, 1920, and went toward the river in the neighborhood of which he disappeared, and has never been seen or heard of since, and that his whereabouts, if living, are unknown. It is also stated in this affidavit that he had made repeated efforts to commit suicide, and had left a note for his family saying that he intended to kill himself.

The application of Mrs. Sarah Levy Simon, his sister, to be appointed curatrix of the absentee, was filed June 7, 1921, in a little over a year after his disappearance. His body has not been found. When last seen, he was alive, and, in contemplation of law, he must be presumed to be alive still after the lapse of only 15 months; and in the absence of proof to the contrary. So the question squarely presented in this case is whether there was any law at the date of these proceedings authorizing the appointment of a woman, other than the wife of the absentee, as curatrix, and we are constrained to answer this question in the negative.

[5] In follows, therefore, that Mrs. Sarah Levy Simon was not qualified to represent the absentee, and that service on her as curatrix was no service at all. Killelea. v. Barrett, 37 La. Ann. 865; Crayton v. Waters, 146 La. 247, 83 South. 540.

[6] The partition proceeding was therefore an absolute nullity, and the purchaser at such a sale could not be protected by the decree for a partition, any more than one who acquired under an execution upon a fi. fa. issued on a judgment rendered without citation. The partition proceeding being an absolute nullity renders the sale made under the judgment ordering same to effect the partition null and void, not only as to the absentee and as to Hennessey, the adjudicatee, but also as to all the other heirs and as to him. Frith v. Pearce, 105 La. 201, 29 South. 809; Crayton v. Waters, 146 La. 248, 83 South. 540.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed. It is now ordered, adjudged, and decreed that the sale and adjudication thereunder to J. J. Hennessey at public auction of the property in dispute in this case be, and the same are hereby, decreed null and void. It is further ordered

that plaintiffs' demand be rejected, and that there be judgment in favor of J. J. Hennessey, upon his reconventional demand, for the sum of $497.50, one-tenth of the purchase price paid by him to Samuel L. Jacobs, auctioneer, and that said auctioneer pay to the said J. J. Hennessey said sum without interest as per prayer of rule modified by agreement in this case, upon this judgment becoming final and executory; appellees to pay costs of both courts.

ST. PAUL, J., dissents.