No. 3460

Second Circuit

GREEN ET AL. v. BARNETT ET AL.

(March 12, 1929. Opinion and Decree.)

Herndon and Herndon, of Shreveport, attorneys for plaintiffs, appellees.

Bryan E. Bush, of Shreveport, attorney for defendants, appellants.

WEBB, J. Plaintiffs, Sam Green and Isabella Green Brown, residents of this

state, and Zack Green, Stewart Green and Barney Green, non-residents, and Dr. J. B. Johns, a resident of DeSoto Parish, were owners in indivision of a small tract of land in the Parish of DeSoto, and, on October 15, 1923, Johns instituted suit against his co-owners for a partition of the property by licitation, service of which was obtained against the non-resident owners through attorneys appointed by the court, but the record of that suit does not show that service was made on Sam Green and Isabella Green Brown. However, on September 19, 1925, an answer was filed on behalf of all defendants by Mr. Edward Barnett, attorney at law, and, on the same day, the cause was submitted on an agreed statement of facts, in which it was admitted that the property was not divisible in kind, and judgment was rendered on the same date in favor of Johns and against defendants, ordering a partition of the property by licitation, and following, on October 31, 1925, after due proceedings the property was sold at public auction to Barnett, who mortgaged it on December 1, 1925, to Dr. O. A. Eddy, and the note representing the amount of the mortgage debt not being paid, Eddy proceeded to foreclose, *via executiva*, and after due proceedings the property was sold at public auction to Eddy.

The present suit by the above named. plaintiffs against J. B. Johns, Edward Barnett and O. A. Eddy, was filed in January, 1928, and plaintiffs, alleging ownership of an undivided five-sixths interest in the property, set out the various proceedings above noted and allege that Sam Green and Isabella Green Brown were not cited and that a default was not entered against Zack Green, Stewart Green and Barney Green, in the partition proceedings, and that none of them had made any appearance in said suit, and that Edward Barnett was not authorized to appear and file an answer for them, and they ask that the judgment rendered in the partition suit be annulled and all subsequent proceedings, as above noted, be avoided, and that they have judgment decreeing them to be owners of an undivided five-sixths interest in the property.

Defendants filed various exceptions of misjoinder, no cause of action and estoppel, which were overruled or referred to the merits, over defendants' objection, and under reservation of their rights in the exceptions, they answered, pleading in substance a general denial, and on trial judgment being rendered in favor of plaintiffs and against all of the defendants, annulling and avoiding the judgment rendered in the partition proceedings, as well as the mortgage given by Barnett, and decreeing plaintiffs to be the owners of an undivided five-sixths interest in the property, defendants appealed, and plaintiffs have answered the appeal, praying that they be allowed damages for a frivolous appeal.

The plea of misjoinder of parties appears to have been based upon the theory that plaintiffs' suit should be considered solely as an action to annul a judgment, and that Barnett and Eddy not having been parties to the action in which the judgment had been rendered, were improperly joined; and the basis of the exception of no cause of action was that Barnett, an attorney at law, and an officer of the court, was presumed to have been authorized to appear for the parties whom he professed to represent, and plaintiffs' petition being verified only by their attorney, evidence could not be offered in support of the allegation that Barnett was not authorized to represent the plaintiffs in the partition suit; and the basis of the plea of estoppel is that Sam Green, Isabella Green Brown and Zack Green

had knowledge of the sale, and that Zack had verified the answer filed by Barnett in the partition proceedings.

Counsel have not discussed the various exceptions at length, and our conclusion being that plaintiffs' suit being more than merely an action of nullity of judgment, and it having been held that the failure of one to personally verify the petition in which it is alleged that the attorney professing to represent him was unauthorized was not a condition precedent to the introduction of evidence in support of the allegation (Bender vs. McDowell, 46 La. Ann. 396, 15 So. 21), we are of the opinion that the exceptions of misjoinder and no cause of action were properly overruled; and as the facts alleged in support of the plea of estoppel, if true, tend to show that the attorney was authorized to appear for defendants (plaintiffs here) in the partition suit, we think that the pleas were properly referred to the merits.

On trial Mr. Barnett stated that he filed the answer in the partition proceedings at the request of one John Hall (since deceased) and Zack Green, one of the defendants in the partition suit and one of the plaintiffs here; and while the evidence, which shows that Zack Green verified the answer filed by Barnett and that he was advised of the date the sale was to be made in the partition proceedings, and establishes, insofar as Zack Green is concerned, that he was not in position to question the authority of the attorney, the evidence is not so clear as to the position of Stewart Green, Barney Green and Sam Green, as neither Stewart Green nor Barney Green was called as a witness, and there were filed in evidence letters written by them to the attorneys appointed by the court, in which they stated that they had employed other attorneys, and O. A. Eddy states that Sam

Green had told him that Barnett had been employed, and although Sam testified that he had not employed any attorney in the partition proceedings, yet considering the presumption that the attorney is presumed to have authority to represent the parties for whom he professes to appear in proceedings before the court, we are of the opinion that the evidence fails to establish Mr. Barnett was not authorized to represent Stewart Green, Barney Green and Sam Green.

However, Isabella Green Brown states that she had never heard of the partition suit until after she learned that Eddy claimed the property, and there is not any evidence to the contrary, and if she did not know of the suit it does not appear possible that she could have authorized the attorney to represent her (Marvel vs. Manouvrier, 14 La. Ann. 3, 74 Am. Dec. 424) and as she was a necessary party to the partition suit (Article 1329, Civil Code) the judgment rendered therein was null and the sale made thereunder was void not only as to Isabella Green Brown but also as to Sam Green, Stewart Green, Barney Green and Zack Green, conceding that Sam, Stewart, Barney and Zack were represented by the attorney, as the partition cannot stand for one and be annulled for another (Article 1412, C. C.; Smith vs. Smith, 131 La. 970, 60 So. 634; Crayton vs. Waters, 146 La. 238, 83 So. 540; Levy vs. Simon, 152 La. 857, 94 So. 421; Scaife vs. Jones, 156 La. 5, 99 So. 890; Latham vs. Glasscock, 160 La. 1090, 108 So. 100).

The plea of estoppel was therefore properly overruled and judgment rendered annulling the judgment in the partition proceedings, and the sale made thereunder and recognizing plaintiffs as the owners of an undivided five-sixths of the property, and the judgment is affirmed.