155 So. 13

POWELL et al. v. LARANCE et al.

No. 32620.

April 23, 1934.

Scarbrough & Barham, of Ruston, for appellants.

P. E. Brown, of Arcadia (Wm. H. Talbot. of New Orleans, of counsel), for appellees.

LAND, Justice.

The plaintiffs are the heirs of John and Ella Williams, deceased, former residents of the parish of Lincoln, and inherited from decedents a tract of land in that parish containing 308 acres, more or less.

On April 9, 1932, A. B. Larance acquired the one-tenth interest each of Alma Williams and Myra Williams in this property.

On April 18, 1932, A. B. Larance instituted a partition proceeding against the remaining owners of the land, setting out the place of residence of each of the defendants. A judgment by default was taken, ordering the property to be sold without appraisement, and same was bid in December 24, 1932, by A. B. Larance, R. S. Larance, J. H. Delony, and W. V. Delony, all residents of Lincoln parish.

On January 20, 1933, plaintiffs, Mattie Williams Powell et al., brought the present suit against the purchasers of this property to have the partition proceedings and sheriff's deed declared null and to set aside and cancel the deed made to the purchasers from the public records.

After setting out the irregularities complained of in the partition proceedings, plaintiffs allege that the partition sale and the deed made to defendants A. B. Larance, R. S. Larance, J. H. Delony, and W. V. Delony are also null, for the reason that all of petitioners, defendants in the partition suit, were not cited in that proceeding.

Judgment was rendered in the lower court in favor of plaintiffs, annulling the sheriff's deed, and the partition proceedings and ordering that the deed be canceled from the conveyance records of Lincoln parish.

From this judgment defendants have appealed.

1. In the original petition, filed in the partition suit, the following defendants are named with the following places of residence: Lula Williams Edwards, Haskell, Okl.; Bell Williams Jones, Union county, Ark.; Ollie Williams Heard, Webster parish, La.; Mattie Williams Powell, Mary Williams Simonton, D. L. Williams, Carroll Williams, Henry Williams, Lincoln parish, La.; and Winnie Williams Davis, Bienville parish, La.

C. A. Barnett was appointed attorney ad hoc by the clerk of court to represent the absentees, Lula Williams Edwards, Haskell, Okl., and Bell Williams Jones, Union county, Ark., and accepted service and citation for them April 18, 1932. Tr. p. 89.

Personal service was made on the defendants Mary Williams Simonton, Mattie Williams Powell, and D. L. Williams, all residents of Lincoln parish. The record fails to show any service or acceptance of service as to the other defendants.

2. The first amended petition was filed April 22, 1932, stating that Carroll Williams and Henry Williams, alleged in the original petition to be residents of Lincoln parish, La., were, in fact, residents of the state of Texas.

On the same day, C. A. Barnett was appointed attorney ad hoc by the clerk of the court to represent the absent defendants and accepted citation and service of the original and amended petition. No service on the other defendants was made or accepted by them or by any attorney appointed to represent them, in so far as the record discloses. Tr. p. 95.

3. A second amended petition was filed September 19, 1932, setting out an error in the description of the property, and averring that Ollie Williams Heard, alleged in the original petition to be a resident of Webster parish, La. was dead, and had been survived by six children, namely, Cassie Seamster, née Dunn, Caddo parish, La.; Reather Chatman née Dunn, Caddo parish, La.; Sammie Dunn, Little Rock, Ark.; and Odis, Jessie May, and Tirrie Heard, minor children of Ollie Williams Heard, deceased, Webster parish, La.

On September 19, 1932, C. B. Roberts was appointed by the clerk of court "to represent the absent defendant, Sammie Dunn, and the minor heirs of Ollie Williams Heard, deceased, namely Odis, Jessie May and Tirrie Heard." Tr. p. 99.

After this order of appointment comes the following entry:

"I, C. B. Roberts, hereby accept service of the above petition and the original petition for all of the defendants named in the original and the supplemental petition, with the exception of defendants living in Lincoln Parish, waive citation, reserving, however, all legal delays.
September 19, 1932.

"[Signed] C. B. Roberts,
"Attorney ad hoc and
Tutor ad hoc." Tr. p. 99.

The record shows service of citation and amended petition upon the defendants D. L.

Williams, Mary Williams Simonton, and Mattie Williams Powell, all residents of Lincoln parish. No service was made upon C. A. Barnett, attorney ad hoc for the absentees Lula Williams Edwards and Bell Williams Jones, and none was accepted by him as their representative.

Nor was any service made upon Winnie Williams Davis of Bienville parish; nor upon Cassie Seamster and Reather Chatman of Caddo parish, La.

■ It is idle to argue that C. B. Roberts, as "attorney ad hoc" for Sammie Dunn, absentee, and as "tutor ad hoc" for the three minor heirs of Ollie Williams Heard, deceased, was authorized to accept service and waive citation for all the other defendants in the case. Manifestly his authority in this respect was limited to his representation of the particular persons named in the order appointing him, and it cannot be seriously pretended in this case that he accepted service and waived citation in any other capacity than that of "attorney ad hoc and tutor ad hoc," since he has signed the acceptance of service and waiver of citation in these specific capacities, and in no other.

We are unable to understand by what process of reasoning a general authority to represent all the defendants in a partition suit can be logically deduced or presumed from the appointment of an attorney ad hoc to represent particular defendants, such as an individual absentee or individual minors, specifically named in the order appointing him, as in the present case.

C. B. Roberts neither signed this acceptance of service as attorney for defendants generally, nor did he testify in the case that he was authorized by any of the other defendants to represent them. In fact, he did not testify at all.

His acceptance, therefore, of service and waiver of citation for the defendants, except those he was specifically authorized to represent in the order of September 19, 1932, appointing him as "attorney ad hoc" and "tutor ad hoc," was unauthorized, invalid, and of no legal effect. There was no citation as to these defendants.

■ 4. A third amended petition was filed September 24, 1932, stating that Carroll Williams and Henry Williams, alleged in the original petition to be residents of Lincoln parish, were, in fact, residents of the state of Texas.

The chief deputy clerk of court appointed C. B. Roberts as attorney ad hoc to represent the absent defendants, and service of the original and the third amended petition was accepted by him and citation waived, although, at the time, C. A. Barnett had been appointed attorney ad hoc on April 22, 1932, to represent the same absent defendants, and nothing in the record shows that he had withdrawn from his appointment.

Nor does the record disclose that this third amended petition and the original petition were served on the other defendants, or that same was accepted by them, or by attorneys appointed to represent them. Tr. p. 106.

As stated in Latham v. Glasscock, 160 La. 1097, 108 So. 100, 102:

"A judgment rendered in a partition suit against a person not cited is a nullity as to him, and a sale made under such judgment

is void as to the person not cited, and all other parties to the proceedings are relieved, 'for the partition cannot subsist for one, and be annulled for another.' Rev. Civ. Code, art. 1412.

"The purchaser at such a sale is not protected by the decree for a partition. Martin v. Martin, 15 La. Ann. 585; Frith v. Pearce, 105 La. 201, 29 So. 809; Crayton v. Waters, 146 La. 247, 83 So. 540; Levy v. Simon, 152 La. 857, 94 So. 421."

■ Plaintiffs' contention that a curator ad hoc, appointed under Act No. 167 of 1924 to represent absent minors, cannot waive citation, is without merit. The contrary has been held by this court in the recent cases of Brown v. Furlong, 166 La. 539, 544, 117 So. 583; and Spears v. Spears, 173 La. 301, 136 So. 614.

Judgment affirmed.

ST. PAUL, J., absent.