ON THE MERITS:
Defendant admitted execution of the lease sued on and nonpayment of rent due for the months of August, September and October of 1960. Therefore, defendant may escape liability thereunder only in the event he establishes that plaintiff entered into a subsequent lease of the premises with defendant’s knowledge, consent and approval and further that plaintiff and defendant mutually discharged each other from all obligations under the lease herein sued upon. LSA-C.C. Articles 2189 and 2192. Vignie v. Gouaux, 14 La.Ann. 3-14.
An examination of the record convinces us that the defendant has failed to prove even that plaintiff entered into a second lease of the premises with Mrs. Patricia Robeson, as alleged in the answer. When shown a copy of what purported to be a lease by him to Mrs. Robeson, plaintiff denied that the signature “V. Caracci” thereon was his own. (Transcript of Court Testimony, p. 24) Plaintiff having formally denied the signature on the lease form, the defendant had the burden of proving same either by witnesses or comparison. LSA-C.C. Article 2245. Defendant produced no witness to plaintiff’s signature, nor did he offer any samples of plaintiff’s signature for comparison. In fact, except for defendant himself (who admitted he did not see the plaintiff sign the lease to Mrs. Robeson), the only other witness called by the defense was Joseph S. Zuppardo, a .real estate agent, who acted for plaintiff in negotiating the lease with defendant. Mr. Zuppardo testified that he did in fact type up a lease form identical to the one which had been signed previously by plaintiff and defendant, except that Patricia Robeson was shown thereon as lessee rather than the defendant. However, he stated that the reason he did so was because defendant asked for such a lease form in order to get a beer license in Mrs. Robeson’s name. He further testified that defendant came to his office and picked up the unsigned lease form and that he never saw either Mrs. Robeson or plaintiff sign it.
*472 True, the trial judge did allow defendant to introduce in evidence the lease form showing Mrs. Robeson as lessee and plaintiff as lessor. However, the record is clear that the sole reason this document was allowed in evidence was to show that it had been signed by Mrs. Robeson, defendant having testified that he saw her sign same.
Therefore, being satisfied that the judgment of the lower Court is correct, it is affirmed at defendant-appellant’s cost.
Affirmed.