PONDER, Justice.
 

 The plaintiffs, the heirs of Mrs. Esther Houston Adkins, brought this suit against Crawford, Jenkins & Booth, Inc., In Liquidation, et al., seeking to have annulled the judgment rendered by the Twenty-Sixth Judicial District Court for the Parish of Webster in the case of Crawford, Jenkins & Booth, Inc., v. Wills et al., No. 9568, of date of June 25, 1937, which was made final on March 8, 1938, by a decision, on appeal, of the Supreme Court. 189 La. 366, 179 So. 455. The defendants interposed an exception of vagueness, a motion for a bill of particulars, a motion to strike, and exceptions of no cause and no right of action. The exceptions of no cause and no right of action were entertained by the Lower Court and sustained. The plaintiffs’ suit was dismissed, and they have appealed.
 

 We might say at the outset that the Trial Court did not pass on the exception of vagueness, nor on the motion for a bill of particulars, nor on the motion to strike. Consequently the only question presented on this appeal is whether or not the exceptions of no cause and no right of action are well founded.
 

 The plaintiffs are attacking the judgment rendered in the suit of Crawford, Jenkins & Booth, Inc., v. Wills et al., supra, hereinafter referred to as the prior suit, on three grounds; viz, (1) that the Trial Court was without jurisdiction to entertain the suit and render judgment therein; (2) that the judgment was obtained through fraud; and (3) that the tax sale relied on was a simulation.
 

 The prior suit was a petitory action brought by the plaintiffs therein against John E. Wills and Mrs. Esther Flouston Adkins, seeking to be declared the owners of certain lands. After the case was tried in the Lower Court, and before judgment was rendered, Mrs. Esther Houston Adkins died, leaving as her heirs, John E. Wills, the codefendant, son of her prior marriage with R. L. Wills, and six children, the issue of a second marriage with J. F. Adkins, her surviving husband, all of whom were of age, except Pennie Wills Adkins who was, at that time, a minor. John E. Wills, after the death of his mother, applied to the Court to have the six children of his mother, other than himself, made parties to the suit, and asked that a curator ad hoc be appointed to represent the minor, Pennie Wills Adkins. An order was entered, making the heirs parties to the suit, and an attorney at law was appointed curator ad hoc to represent
 
 *566
 
 the minor. On the same day that the order was signed, the curator ad hoc endorsed across the petition to the effect that he submitted the case, insofar as the minor was concerned,
 
 on
 
 the evidence theretofore taken. No citation was ever issued nor served upon any of the six children, nor upon the curator ad hoc. Thereafter, judgment was rendered, decreeing the plaintiffs in the petitory action to be the owners of the lands. The attorney who had represented John E. Wills and Mrs. Adkins, prior to her death, appealed to this Court. The appeal bond was signed by John E. Wills, and the attorney signed as attorney for the six remaining heirs. J. F. Adkins, father of the six heirs, signed as surety to the bond. On the appeal, the judgment was affirmed. 189 La. 366, 179 So. 455.
 

 The plaintiffs in the present suit, heirs of Mrs. Adkins, allege that six of them were never. served with a copy of the petition and order making them parties to the prior suit, and that they had no knowledge of the existence of the suit until long after final judgment was rendered. They allege that the attorney who appeared therein for them was not employed by any of the plaintiffs, except John E. Wills, and had no authority to represent them.
 

 It is alleged that the judgment was obtained through fraud and ill practices on the part of the plaintiffs in the petitory action, which deceived the Court and caused the adverse judgment. Without reciting in detail the allegations in the plaintiffs’ petition, with reference to fraud and ill practices, they are to the effect that the plaintiffs induced a witness to give false testimony, without which testimony the judgment would not have been rendered.
 

 In passing on the exceptions of no cause of action, all well pleaded facts must be taken as true. Succession of Marinoni, 183 La. 776, 164 So. 797; In re Monrose et al., 187 La. 739, 175 So. 475. A petition stating cause of action as to any point will not be dismissed on an exception of no cause of action. Smith v. Kennon et al., 188 La. 101, 175 So. 763.
 

 Counsel for the defendants takes the. position that if the six plaintiffs had founded their action solely on the lack of citation, they might have had a cause or right of action, but when they chose to seek the nullity of the judgment on two other, wholly unrelated, grounds, they waived any cause or right of action which they might have had to have the judgment set aside because of lack of citation. In support of this contention, counsel cites 6 C.J.S., Appearance, § • 12, page 32, and the case of City of New Orleans v. O. E. Hall, 21 La.Ann. 438. The authorities cited are not pertinent. It is true that a defendant cannot logically or consistently deny the jurisdiction 'ratione personae of a judicial tribunal, and, at the same time, invoke its action on the subject matter of the suit. Iddle v. Hamler Boiler & Tank Co., 132 La. 476, 61 So. 532. However, this contemplates an appearance in the same suit. The plaintiffs are not ques
 
 *568
 
 tioning the jurisdiction of the Trial Court to entertain the present suit. In fact, they instituted the suit. The purpose of the present suit is to annul a definitive judgment rendered in other proceedings. Various grounds are set out, why the judgment should be annulled, among which is that the Court was without jurisdiction rationae personae to entertain the suit or adjudge the cause insofar as the plaintiffs who were not cited were concerned. The plaintiffs are not attempting' to appear in the prior proceedings. They have instituted .a direct.and independent action, attacking a judgment that has become final. It is conceded that the six plaintiffs were never served with a copy of the petition or order making them parties to the prior suit. It is alleged that the attorney, who appeared in their behalf therein, had no authority to represent them, which we must accept as true in passing on the exceptions. If the plaintiffs were not cited in the prior suit, and the attorney had no authority to appear for them therein, they would be entitled to have the judgment annulled. M. D. Marvel v. A. G. Manouvrier, 14 La.Ann. 3, 74 Am.Dec. 424; Thomas Ridge v. Charles E. Alter et al., 14 La.Ann. 866; W. K. Bender v. James R. McDowell, 46 La.Ann. 393, 15 So. 21; 88 A.L.R. 30, 46, 61; Hatfield v. King, 184 U.S. 162, 22 S.Ct. 477, 46 L.Ed. 481; Amusement Securities Corp. v. Academy Pictures Distributing Corp., 251 App. Div. 227, 295 N.Y.S. 436. We therefore conclude that the petition in this respect sets forth a cause of action.
 

 The allegations in the plajntiffs’ petition, with respect to fraud and ill practices, that "the judgment was procured by perjured testimony, in our opinion, set forth a cause of action. The defendants, do not question the sufficiency of the allegations of fraud and ill practices, but they contend that the judgment was not predicated on the perjured testimony. They take the position that the decision of this Court in the prior suit shows that the judgment was based on other testimony given in the case. In passing on the exceptions, we have t-o accept as true the allegations in the petition. Moreover, it would require an examination of all the evidence in the prior case, in order to determine whether the testimony, alleged to be false, was instrumental in bringing' about the decision.
 

 In view of our conclusion that the petition. sets forth a cause of action in other respects, it is not necessary to pass on the allegations with respect to the tax deed’s being a simulation.
 

 For the reasons assigned, the judgment is reversed and set aside, the exceptions overruled, and the case is remanded for further proceedings consistent with the-views herein expressed.