HAMITER, Justice.
 

 On October 11, 1949 Dr. Joseph N. Ane obtained a judgment of divorce from Mrs. Louise Lambiotte Ane, the uncontested suit having been grounded on a continuous separation of two years. Slightly more than a. month later (November 21,1949), Mrs. Ane, while unrepresented by counsel, joined with Dr. Ane in the execution of a written stipulation or contract which purported to effect a settlement of the community of acquets and gains that had existed between them.
 

 Thereafter, specifically on March 24,1950, Dr. Ane obtained the issuance of a rule directed to Mrs. Ane under which he demanded the permanent care, custody and control of a minor child, Miriam Ane, born of their marriage. The custody demand was rejected ultimately. See 220 La. 345,. 56 So.2d 570.
 

 This suit was instituted by Mrs. Ane against her former husband on January 7,
 
 *225
 
 1952. In it she seeks to set aside the community settlement contract of November 21, 1949, urging that she executed it through error and by reason of threats and fraud on the part of defendant, and that thereby hei; rights were substantially prejudiced, numerous items of property belonging to the community having been withheld from the settlement.
 

 To the petition an exception of no right or cause of action (in reality an exception of no cause of action) was tendered. The district court, after a hearing, sustained the exception and dismissed the suit. Plaintiff is appealing.
 

 It is elementary that for the purpose of determining the questions raised by an exception of no cause of action the well-pleaded allegations of fact contained in the petition must be accepted as true. The exception, as has been observed by this court, “addresses itself to the sufficiency in law of the petition and is triable on the face of the papers.” Kennedy v. Perry Timber Co., 219 La. 264, 52 So.2d 847, 849. Applicable to this consideration also is another well-settled principle in our jurisprudence that a petition stating a cause of action as to any ground for or portion of the demand will not be dismissed on an exception of no cause of action. Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45 and cases therein cited.
 

 By the allegations respecting threats and coercion, if not by those relating to the charged fraud, the petition of the instant suit, in our opinion, states a cause of action for the annulment of the settlement agreement.
 

 As is said in LSA-Civil Code Article 1850, “Consent to a contract is void, if it be produced by violence or threats, and the contract is invalid.” To be read in connection therewith, of course, are the further provisions contained in LSA-Civil Code Article 1851 that, “It is not every degree of violence or every kind of threats that will invalidate a contract; they must be such as would naturally operate on a person of ordinary firmness, and inspire a just fear of great injury to person, reputation or fortune. The age, sex, state of health, temper and disposition [situation] of the party, and other circumstances calculated to give greater or less effect to the violence or threats, must be taken into consideration.” (Bracketed word suggested by editors of Louisiana Legal Archives as being correct translation.)
 

 Here we find from the allegations that this plaintiff, defendant’s former wife and a highly nervous person, executed a settlement stipulation or agreement which did not include many assets of the community valued at thousands of dollars. And the execution occurred, to quote from the petition, under the following conditions and circumstances :
 

 “ * * * petitioner was forced to sign the so-called ‘Stipulation’ and settlement agreement by the fraud and coercion of the
 
 *227
 
 defendant and/or his attorney. * * * petitioner, prior to signing the so-called ‘Stipulation’ for settlement of the community, objected to the terms and conditions of that purported agreement. * * * when petitioner objected to the terms and conditions of the settlement agreement offered by defendant and refused to'sign the same, defendant’s attorney told her that unless she accepted the settlement as offered to her at that time he would tear up the papers and she would get nothing. * * * petitioner could not maintain her refusal to sign the so-called agreement, for the reason that she was in immediate and desperate need of her share of the community property in order to provide herself with living expenses and bare necessities. * * * petitioner was so impoverished at the time of signing the purported settlement agreement that it had been necessary for her to ask for an immediate advance of $300.00 from her share of the community property in order that she might support herself. * * * petitioner was a house-wife with no knowledge of business affairs and no experience with business or investments. * * * the defendant had consistently refused to allow petitioner access to records, books and papers relating to the community’s business and financial status. * * * defendant had, by refusing petitioner access to community records and by refusing her information in regard to community business and finances, kept her in ignorance of the value of the community property, and of the community’s financial affairs. * * * whenever petitioner, in desperation, prepared to resist the defendant he would threaten her with punitive action to force petitioner into a state of subservient acquiescence of his conduct and activities. * * * petitioner was given only $35.00 per week to operate a household and provide food and necessities for herself and their children, although the defendant’s net income was in excess of $800.00 per week. * * * when petitioner, being unable to provide necessities for herself and their minor children on the small allowance which defendant gave to her, suggested to the defendant that she might be forced to seek an alimony order from the Court to acquire sufficient funds to adequately support herself and their children the defendant threatened to go into bankruptcy if she attempted to secure an order for alimony. * * * the defendant threatened petitioner with a long and dirty fight in the Courts if she should resist his actions against her. * * * petitioner was not represented by counsel when she signed the said ‘Stipulation’, nor did she have any knowledge as to her rights under such ^Stipulation.’ ”
 

 Whether this plaintiff is able to prove the recitations set out above, as well as the numerous other allegations of fact made in support of her chárges of error, fraud and threats, is a question which is not now before us. Presently, we are called upon to determine only if the petition is sufficient in law to warrant the hearing of evidence in support of plaintiff’s demand.
 
 *229
 
 We think that it is, see Lee v. Lee, 214 La. 434, 38 So.2d 66, and, hence, that defendant’s exception should have been overruled.
 

 For the reasons assigned the judgment appealed from is reversed and set aside, defendant’s exception of no right or cause of action is now overruled, and the case is remanded to the district court for further proceedings according to law and consistent with the views hereinabove expressed. Defendant shall pay the costs of this appeal, and all other costs shall await the final determination of the litigation.