LE BLANC, Justice.
 

 The appeal in this case is from a judgment of the District Court which dismissed plaintiff’s suit on an exception of no cause ■of action and a plea of prescription.
 

 The suit is one for damages in the sum of ■$50,000 for an alleged libel and slander. Originally the petition was filed in the name of Acme Stores, Inc., and then upon the filing of an exception of no right of action by the defendant based on the ground that Acme Stores, Inc. is a foreign corporation, not qualified to do business in Louisiana, this error was corrected by a supplemental ■and amended petition being filed in which the name of the petitioner was properly stated to be “Acme Sewing Stores, Inc.,” a ■corporation alleged to be organized under the laws of this State and domiciled in the City of New Orleans.
 

 The allegations of the petition are very lengthy and detailed. Generally, they may be said to charge the defendant, Better Business Bureau of Baton Rouge, Inc., in which city it has operated a business for approximately four years, with a systematic attempt to prevent it from conducting said business which consists of selling at retail, sewing machines and vacuum cleaners of various kinds. J. B. Myers who is alleged to be the Secretary-Manager of the said Bureau and was actively engaged in that capacity at all times mentioned in the petition, is also made a party defendant.
 

 Stated in more specific but concise form the allegations are to the effect that the defendant Better Business Bureau has made statements, charges and innuendoes unfavorable to plaintiff’s business; that it has maligned its business by advising its customers and potential customers falsely concerning its products and guaranty of service and then, more particularly, it alleges that on January 3, 1953, the Bureau filed an affidavit in the district attorney’s office charging petitioner with violation of LSA-R.S. 51:411 et seq. involving false advertising which charge was maliciously false and untrue. In a supplemental petition it is alleged that on February 24, 1953, a motion to quash the information containing said charge was sustained and the accused was discharged thus finally disposing of the matter.
 

 Besides the exception of no cause of action and the plea of prescription defendants had also filed an exception of vagueness which was not acted on by the district judge.
 

 In sustaining the exception of no cause of action the trial judge stated that the petition does not allege the libelous or
 
 *829
 
 slanderous words verbatim, nor is the substance of such words alleged and that definitely no mention is made of any time or place when the alleged defamatory remarks or their substance were uttered or published.
 

 A plaintiff suing for damages for an alleged slander or libel, or both, is not called on to state'verbatim the words on which he bases his cause of action. All that he is required to do is to allege a state of facts or a condition of things such as would show such fault on the part of the defendant, as is contemplated under Article 2315 of the LSA-Civil Code, with the resulting damages he claims. See Covington v. Roberson, 111 La. 326, 35 So. 586; Vicknair v. Daily States Publishing Co., 153 La. 677, 96 So. 529.
 

 The failure of a petition to allege specific times and places when and where the alleged slanderous and libelous words were spoken or published is a matter which would seem to address itself to an exception of vagueness rather than one of no cause of action. These two exceptions serve entirely distinct purposes and one should not be allowed to fill the office of the other. Goldsmith v. Virgin, 122 La. 831, 48 So. 279.
 

 For the purpose of disposing of the exception of no cause of action in this case, however, we may well pretermit a discussion of all the allegations of the petition other than those relating to the affidavit filed with the district attorney by the parties, defendant, and at their instance, charging plaintiff with a criminal offense, and we are led to the conclusion that the petition does disclose a cause of action. We reproduce in full the pertinent articles of the petition with respect to that affidavit:
 

 “23: On or about January 3, 1953, the said J. B. Myers, in further.pursuance to the willfull design and purpose to destroy the plaintiff, filed an affidavit in the district attorney’s office against the plaintiff herein in the Parish of East Baton Rouge charging violation of Title 51, Section 411 et seq. of the Revised Statutes of Louisiana, on the part of the plaintiff, involving alleged false advertising.”
 

 “24: Therein the specific complaint is made that plaintiff was selling, by use of $30.00 gift certificate, a vacumn cleaner of an advertised value of $44.50 at a cost to the buyer of only $13.25, where the true value was not more than $13.25, or less.”
 

 “27: Petitioner shows that this-charge is spurious and grossly unfounded, and that it is maliciously false and untrue, as was known by the said J. B. Myers at the time the affidavit was. signed, and as should have been known by the Better Business Bureau of Baton Rouge, Inc., and that it constituted a gross libel and slander, per se, of the plaintiff’s business.”
 

 
 *831
 
 As pointed out before, it is made to appear in an allegation of a supplemental petition that the information resulting from the said affidavit was quashed by judgment of the district court on February 24, 1953.
 

 Counsel for defendants contend that the affidavit cannot be considered as containing libelous matter in a suit of this kind because of its highly privileged character. They concede however that the rule of privilege which is invoked prevails in other jurisdictions and has not been adopted in Louisiana. In this, of course, they are correct but they submit that it would be to the best interest of the State of Louisiana to protect its citizens from civil liability for statements contained in formal affidavits filed with law enforcement officers “such as the one here involved.”
 

 In support of the statement made, counsel refer to the case of Dearmond v. St. Amant, 40 La.Ann. 374, 4 So. 72, 73, in which the Court after reciting the circumstances of that case, commented on the fact that an innocent plaintiff may suffer a great wrong from having an affidavit filed against him in a criminal charge and stated that “for him to be compelled to bear it without redress is indeed a hardship, but is one of those sacrifices which the individual is required to make to the interests of society.” It is important to note however, that that ■case involved strictly an action for malicious prosecution. It had been tried and decided on the merits and the Court found that the evidence failed to establish that in making the affidavit the defendant had acted with malice and without probable cause, the essential elements of a suit of that nature. But it is significant to observe also that in a closing statement in the opinion, the Court said:
 

 “Hence the law wisely holds the prosecutor harmless in such a case, notwithstanding the acquittal of the person accused,
 
 unless
 
 his conduct has been tainted by two concurrent vices: (1) Malicious motive; (2) Want of probable cause, i. e., absence of reasonable grounds for believing in the truth of the charge made.” (Italics ours.)
 

 In the present case the action is one for libel and slander and whereas the allegations relating to the affidavit filed against the plaintiff are, properly speaking, allegations forming a cause of action for malicious prosecution, it isn’t necessary, in order to support the petition, to make a distinction between those two actions. The suit is essentially one for damages caused by an alleged “fault” on the part of the defendants and under the terms of Article 2315 of the LSA-Civil Code, they are obliged to repair the damage upon due proof of their alleged act and the damage occasioned thereby.
 

 In the early case of Kelly v. Lafitte, 28 La.Ann. 435, the lower court, the same as in this case, had sustained an exception of no cause of action and dismissed plaintiff’s suit for damages for libel arising out of an affidavit alleged to have been filed in a suit
 
 *833
 
 in which he was not a party. This Court found error in the judgment, stating:
 

 “If defendant without probable cause and maliciously made the affidavit containing the libelous matter, and filed it in a suit to which hé was not a party, and plaintiff has been damaged thereby in his business and in his reputation as' a good citizen and an honorable man, we think the defendant, by whose fault it happened, should repair the damage. Revised Code, 2315, 2316, 2317. And for the purpose of this trial the allegations of plaintiff are taken to be true.”
 

 That case is commented on in - the later •case of Burk v. Ryan, 36 La.Ann. 951, and in referring, apparently, to a rather broad statement which followed the one just quoted, said: “Without attacking or justifying-what was then said or determined, it suffices to observe that the averments in the petition there materially differ from those in the present case; that the affidavit, made the foundation of the suit and charged against, was unauthorized by law (C.P. 561) in a civil case, which it was. Besides, it was not pertinent and not material. The ruling was based exclusively on the face of the allegations of the petition, which were, on the exception of ‘no cause of action’, taken as true.”
 

 We find a later case on the subject to be that of Banken v. Locke, 136 La. 155, 66 So. 763, 764, which was based entirely on. an information filed by the district attorney at the instance of the defendant. That suit also had been dismissed on an exception of no cause of action. In reversing the judgment this Court although finding the allegation to be vague, nevertheless held it “sufficient to admit of evidence going to show that the defendant made an affidavit before the district attorney, or that he caused others to make affidavits, charging plaintiff here with having committed the crime mentioned.”
 

 The main attack on the petition in that case seems to have been based on the lack of an allegation that the defendant had acted in the criminal case referred to “without probable cause.” In disposing of the argument made, the Court stated:
 

 “Plaintiff’s allegation is that defendant acted ‘without any cause or justification.’ Without any cause may be without legal or good cause, which would include ‘probable cause’; and to have acted without ‘justification’ is to charge that defendant’s action was without any defense.
 

 “The term ‘probable cause,’ as used with reference to an action for malicious prosecution, means a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a prudent and cautious man in the belief that the person accused is guilty of the offense with which he is charged. Words and Phrases, p. 5620. . So that, when plaintiff alleged that defendant acted.‘without any cause or justification,’ he
 
 *835
 
 charged that defendant acted without any cause whatever, reasonable or unreasonable, and without basis or ground for his action, and that justified him (defendant) in having had plaintiff arrested and arraigned for trial for the commission of the crime charged against him.”
 

 By comparison we think that the allegations of the instant petition are every bit as strong and positive, if not more so, in charging that the defendants, in filing the affidavit against plaintiff, acted “without probable cause.” It is alleged that the charge was “spurious” and “grossly unfounded.” Any thing that is “spurious” is fraudulent, it is counterfeit, and if “grossly unfounded” that means that it is without any cause or foundation, reasonable or unreasonable. Also it is alleged that in filing the affidavit, J. B. Myers was acting as the Secretary-Manager, and as the authorized agent of the Better Business Bureau; that their action was taken “without any foundation in fact” and “solely for the purpose of discrediting the plaintiff and the plaintiff’s business.” No other inference is to be drawn from this language but that the affidavit was filed “without probable cause.”
 

 Lastly, as the presence of malice is also an ingredient of the action for malicious prosecution (Eusant v. Unity Industrial Life etc. Ass’n, 195 La. 347, 196 So. 554), we find that the petition includes that element also since it contains the allegation that the affidavit is “maliciously false and untrue, as was known by the said J. B. Myers at the time (it) was signed, and as should have been known by the Better Business Bureau of Baton Rouge, Inc. * *
 

 We conclude therefore that whilst other averments of the petition may be deficient in regard to specific mention of times and places when and where certain of the alleged slanderous words and libels were uttered or published, those of its allegations relating to the affidavit of January 3, 1953 are certainly sufficient to support a cause of action. The rule is that if a petition discloses a cause of action on any one of several alleged grounds it is not to be dismissed on an exception of no cause of action. See Schackai v. Messa, 223 La. 626, 66 So.2d 573, and cases therein cited. The exception was improperly sustained by the judgment of the district court.
 

 The plea of prescription which was sustained by the district judge was directed against the recovery of any damages which may have resulted to the plaintiff from a statement and charges published in the official circular of the defendant Better Business Bureau of date November 17, 1951, suit not having been filed until February 6, 1953.
 

 The allegations concerning the said publication have no connection whatsoever with those having reference to the affidavit filed by defendants with the district attorney on January 3, 1953 and on which we now hold that the petition discloses a cause of action which, obviously, is not prescribed.
 

 
 *837
 
 For the reasons stated it is ordered that the judgment appealed from be reversed, annulled and set aside and the case is now remanded to the district court for further proceedings according to law. Costs of this appeal are to be paid by the defendants, appellees, and all other costs to abide the final determination of the suit.