HAMITER, Justice.
In separate actions’Waterworks District No. 3 of Rapides Parish sued the City of Alexandria for $6,000 and the City of Pine-ville for $4,800, allegedly the amounts due for water which it furnished under contract during July and August of 1955 to the respective cities.
To the petitions the defendants tendered exceptions of no right and no cause of action. These were sustained and the suits dismissed.
From the judgments plaintiff appealed. The appeals were docketed here under one number inasmuch as the contracts involved are substantially identical and both suits present the same factual and legal questions.
In this discussion we shall make reference only to the action against the City of Alexandria. However, what is said in that regard will apply equally to the demand against the City of Pineville.
The allegations of fact of plaintiff’s petition and the contents of the documents attached to that pleading, which necessarily govern in determining the .exceptions of no right and no cause of action, reveal the following: The written contract for the furnishing of water and service by plaintiff to the defendant was entered into on May 4, 1950. Section 6 thereof, in its pertinent parts, recites: “ * * * To and including the first day of the third month next succeeding the end of the first complete fiscal year in which Seller’s water system shall have been in operation throughout the year (fiscal year for the purposes of this agreement being a year commencing on January 1st and ending orí December 31st),' the price to be paid by Buyer to Seller shall be ten cents (.10^) per 1.000 gallons. Thereafter in each succeeding fiscal year for the life of this agreement the price shall remain ten cents (.10^5) per 1,000 gallons, as above provided, unless after negotiation and taking into full consideration the expenses of administration, operation and maintenance of the system * * * the rate may be adjusted and changed by the mutual consent of the parties ; provided nothing herein shall be construed as creating a legal obligation on the part of Buyer to pay more than 10fi per 1.000 gallons.
“The minimum amount of the bill for each billing, month during the first fiscal year, as defined, shall be Nine Hundred Twelve and 50/100 ($912.50) Dollars, * * * and for the fifth fiscal year and *911 for each fiscal year thereafter shall be Fifteen Hundred Twenty and 82/100 ($1520.82) Dollars, for each billing month in which Seller has been ready, willing and able to deliver water as is hereinabove provided whether or not such water is accepted, used or resold by Buyer, * *
On November 15, 1951 plaintiff commenced to furnish water to the defendant, and since that date it has continued to do so. However, the financial return under the contracted rates (and those under which water was sold to other customers) proved grossly insufficient to adequately provide for the payment of the expenses of the district’s operations and of principal and interest on bonds issued. Therefore, on January 31, 1955 plaintiff, by letter, informed the city of these circumstances and asked for an early meeting to negotiate an upward adjustment of the rates. But the defendant failed to act as requested. Consequently, on June 24, 1955 the district notified the defendant that unless adjustment negotiations were undertaken by June 30, 1955 it would proceed to establish new rates effective for the month of July, 1955 and thereafter.
On June 29, 1955 plaintiff received a letter from the defendant stating that the latter refused to negotiate for an upward adjustment of the rates. Thereupon, on June 30, 1955, the Board of Commissioners of the District adopted a resolution establishing the folowing increased rates:
$3,000 per month for the first 15,000,000 gallons, plus 7.per 1,000 gallons for all usage in excess of 15,000,000 gallons.
Contract demand — 1,000,000 gallons per day.
Minimum charge — $3,000 per month, for 500,000 gallons per day, and 15,000,000 gallons per month.
Immediately thereafter the defendant was notified of the rate change and of its effective date of July 1, 1955.
The city used 6,457,000 gallons of water during July, 1955 and 14,230,000 gallons during August, 1955. And on the expiration of each of those months the plaintiff sent to the defendant a bill for $3,000, this being the minimum monthly charge under the new rates. However, on receipt of each bill the defendant remitted with a check for only $1,520.82 — the minimum monthly charge under the rates as originally fixed by agreement — in full payment of its indebtedness.
Plaintiff returned the checks, and on September 21, 1955 it filed this suit to recover $6,000 for the water furnished during July and August, 1955 — a charge of $3,000 per month. Each of these monthly charges rep *913 resents the minimum of $1,520.82 as fixed by the originally executed contract, which the defendant admittedly owes and sought to pay by check, plus $1,479.18 allegedly due under the increased rates established by plaintiff alone.
Under the exceptions of no right and no cause of action, which were sustained by the district court, the defendant contends that the Board of Commissioners of the water district had no legal authority to increase by unilateral action the contracted rates and, further, that its attempt to do so was in violation of the Louisiana Constitution. However, for the hereinafter assigned reasons such contentions cannot now be considered.
 The exceptions are leveled at the petition and annexed documents which clearly disclose that the defendant is indebted to plaintiff at least to the extent of the originally contracted monthly minimum charge of $1,520.82 for the water used in July and August, 1955. As to that minimum charge (a total of $3,041.64) the petition undoubtedly states a right and a cause of action. And it is well settled in our jurisprudence that “a petition stating a cause of action as to any ground for or portion of the demand will not be dismissed on an exception of no cause of action.” Ane v. Ane, 225 La. 222, 72 So.2d 485, 486. See also Adkins’ Heirs v. Crawford, Jenkins & Booth, Inc., 200 La. 561, 8 So.2d 539; Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45; C. W. Greeson Company v. Harnischfeger Corporation, 219 La. 1006, 54 So.2d 528; Schackai v. Messa, 223 La. 626, 66 So.2d 573; and Acme Stores, Inc., v. Better Business Bureau of Baton Rouge, Inc., 225 La. 824, 74 So.2d 43.
For the reasons assigned the judgments appealed from, are reversed and set aside,
action are now overruled, and the case is the exceptions of no right and no cause of remanded for further proceedings according to law. All costs are to await the final determination of the litigation.