134 So.2d 339 (1961)
Frank R. BAILEY, Jr., Plaintiff and Appellant,
v.
TEXAS PACIFIC COAL AND OIL COMPANY, Defendant and Appellee.
No. 372.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
Rehearing Denied November 29, 1961.
Duncan M. Smith, Jr., Lafayette, for plaintiff-appellant.
Oliver, Digby & Fudickar, by C. McVea Oliver, Monroe, for defendant-appellee.
Before FRUGÉ, CULPEPPER and HOOD, JJ.
HOOD, Judge.
Plaintiff, Frank R. Bailey, Jr., instituted this suit against defendant, Texas Pacific Coal and Oil Company, demanding: (1) that he be decreed to be the owner of overriding royalty interests in certain oil, gas and mineral leases affecting lands in Vermilion Parish; and (2) that he obtain judgment against defendant for a sum of money alleged to be due plaintiff as a brokerage fee. The trial court sustained exceptions of no cause of action and no right of action filed by defendant, dismissing the suit at plaintiff's costs, and plaintiff has appealed from that judgment.
Plaintiff alleges in substance that during the year 1959 he assigned to defendant certain oil, gas and mineral leases affecting lands in Vermilion Parish; that at or about the same time he disclosed to defendant certain seismic and geological information, not otherwise available to defendant, relating to other lands in the same area, and he offered to obtain leases for defendant on these additional lands. He alleges that defendant *340 verbally agreed to use plaintiff's services as a broker in obtaining a lease on one of these tracts, but not as to the others, and in consideration for those services defendant agreed to pay plaintiff a cash brokerage fee and to transfer to him an overriding royalty interest on the lands affected by the lease which plaintiff was to procure. Plaintiff further alleges that defendant, availing itself of the seismic and geological information which plaintiff had furnished, thereafter obtained the leases which plaintiff had offered to procure, and that plaintiff accordingly is entitled to recover the brokerage fees agreed upon as to one tract, and to certain overriding royalties affecting all of said tracts. This suit accordingly was instituted for this brokerage fee and the overriding royalty interests which plaintiff contends are due him by defendant. The petition makes it clear that all of the negotiations between plaintiff and defendant relating to the brokerage fee and the overriding royalty interests were verbal, and that no written agreement was entered into at any time between the parties relating to the brokerage fees or overriding royalties.
Counsel for defendant-appellee concedes that plaintiff has alleged facts which are sufficient to state a cause of action as to the demand for the cash brokerage fee, and that the judgment of the district court should be reversed insofar as it purports to dismiss that portion of plaintiff's demands. He contends, however, that the facts alleged in the petition are not sufficient to support plaintiff's demand for judgment decreeing him to be the owner of the overriding royalty interests which he claims, and accordingly he argues that the judgment of the trial court should be affirmed insofar as it purports to dismiss the suit as to that demand. As a basis for this argument, counsel contends that parol evidence is not admissible to establish the transfer of a mineral overriding royalty interest, and that plaintiff has failed to state a cause of action in connection with his demand for these royalties since he does not allege any written agreement for such a transfer. Defendant admits, however, that parol evidence is admissible to establish plaintiff's demand for brokerage fees. In substance, defendant admits that the trial court erred in sustaining its exceptions as to a part of plaintiff's demands, but it contends that the trial court was correct in sustaining the exceptions as to the remaining portion of those demands.
We think the jurisprudence of this State has been established to the effect that a suit will not be dismissed on exceptions of no right or no cause of action where the allegations of fact contained in the petition adequately set forth a right and a cause of action as to any part of plaintiff's demands. Harwood Oil & Mining Co. v. Black, 240 La. 641, 124 So.2d 764; United Mines Workers v. Arkansas Oak Flooring Co., 238 La. 108, 113 So.2d 899; Acme Stores v. Better Business Bureau, 225 La. 824, 74 So. 2d 43; Schackai v. Messa, 223 La. 626, 66 So.2d 573; Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45; Interim Television Corporation v. Cappel, La.App. 2 Cir., 94 So.2d 539; C. W. Greeson Co. v. Harnischfeger Corp., 219 La. 1006, 54 So.2d 528; Keller v. Thompson, La.App. 2 Cir., 121 So.2d 575; Smith v. Kennon et al., 188 La. 101, 175 So. 763; Adkins' Heirs v. Crawford, Jenkins and Booth, 200 La. 561, 8 So.2d 539; Waterworks District No. 3 v. City of Alexandria, 231 La. 908, 93 So.2d 211.
We are aware of the fact that there is also a line of jurisprudence which holds that where two separate and distinct demands are set up in the same suit, an exception of no cause or right of action may lie to eliminate the one while the other is maintained. Succession of Curtis, 156 La. 243, 100 So. 412 (criticized by Supreme Court in Reeves v. Barbe, 200 La. 1073, 9 So.2d 426); Succession of Nelson, 163 La. 458, 112 So. 298; Trussell v. Land, La.App. 2 Cir., 19 La.App. 124, 138 So. 910; Saint v. Meraux, 163 La. 242, 111 So. 691; and *341 Allison v. Aetna Life Ins. Co., La.App. 2 Cir., 158 So. 389. See also, 19 Tulane Law Review 17, 31.
In the instant suit both of plaintiff's demands are based on one incident, or upon one set of facts, and it appears to us that the same evidence would be required to support either or both of those demands. We think, therefore, that the petition does not set out two separate and distinct demands, but rather it sets out one cause of action on which plaintiff bases his demand for two different types of relief. Under those circumstances we are convinced that exceptions of no cause and no right of action may not be employed to eliminate one demand while the other is maintained. For that reason, we feel that the general rule hereinabove first set out must be applied, and since the petition adequately sets forth a right and a cause of action as to a part of plaintiff's demands, the exceptions of no right or cause of action must be overruled.
In view of this conclusion, it is not necessary for us to consider the other issues presented. We particularly express no opinion whatsoever on the question of whether parol evidence may or may not be admitted to establish the alleged transfer of overriding royalty interests. In the trial of the case on the merits, we assume that the trial court will rule on that matter if and when parol evidence is offered.
For the reasons herein assigned, therefore, the judgment of the district court is reversed, the exception of no right or cause of action filed by defendant is overruled, and the case is remanded to the district court for further proceedings consistent with the views herein expressed. All costs of this appeal are assessed to defendant-appellee.
Reversed and remanded.

On Application for Rehearing.
En Banc. Rehearing denied.