JOHNSON, Judge.
The plaintiff signed a written offer to purchase real estate from defendant Harrell and signed the offer “Joe D. Lindsay, Real Estate, Agent for client.” After defendant Harrell accepted this offer he sold the property to defendant Treadaway. The plaintiff by this suit seeks specific performance, or in the alternative, the return of double the amount of the deposit.
The only question presented by this appeal is whether the plaintiff’s petition states a cause of action in any particular. The trial court maintained exceptions of no right and no cause of action filed by each defendant, rejecting plaintiff’s demand, “but reserving to said plaintiff the right to proceed further herein for the purpose of obtaining the return of the alleged deposit if such deposit was made by the plaintiff other than as agent.” The plaintiff has appealed.
The petition alleges that when the plaintiff signed the offer to purchase on July 17, 19S8, he believed he was acting as the bona fide agent of one L. F. Alexander, whose identity was not then disclosed to Harrell and who is not a party to this suit. After Harrell signed the acceptance of the offer which on its face obligated him to sell the property, he was informed that Alexander was Lindsay’s principal and it soon developed that Lindsay had no written mandate but only oral authority to act as agent for Alexander. LSA-C.C. 2997. The sale price of the property was $35,000.00 cash. The required deposit of 10% was not paid when Harrell signed the acceptance on July 17, 1958, but it is alleged that the deposit was made by the plaintiff personally on July 21, 1958. Realizing that he was not properly authorized to act as agent for Alexander, the plaintiff had Alexander to *242 sign personally a written offer to purchase which is an exact duplicate of the one plaintiff had signed as “Agent for client.” This duplicate offer signed by Alexander to which was attached plaintiff’s personal check was delivered to Harrell’s agent, defendant J. Roy Derbes, on July 21, 1958, and defendant Derbes accepted the payment and wrote his receipt for the amount “ * * * earnest money deposit on the sale” of subject property. Harrell did not sign the acceptance of the duplicate offer signed by Alexander.
On July 18, 1958, after defendant Harrell had signed the acceptance of the offer made by plaintiff “as Agent for client”, Harrell made written offer to defendant Treadaway, to sell the same property for the same price, which was accepted by Treadaway on the same day. This resulted in Harrell having signed two contracts to sell the same property to two parties and having received two deposits of $3500.00 each. On August 8, 1958, defendant Harrell notified the plaintiff that said defendant considered the offer made by the plaintiff “as Agent for client” as being null and void. Harrell thereafter dealt with Treadaway and, on August 15, he executed an act of sale conveying the property to Treadaway for $35,000.00 cash.
Plaintiff’s counsel invokes the principle that an agent who executes an obligation for an undisclosed principal and exceeds his authority, the agent is personally responsible to the other party and can sue or be sued with respect thereto. Counsel for defendants argue, with equal sincerity, that the plaintiff’s offer to purchase, though accepted by the landowner, is a complete nullity with no obligation on the part of Harrell to sell flowing therefrom. If the demand of plaintiff for specific performance were the only issue in the case it would be necessary to pass upon the sufficiency of his allegations for that relief, but it is not appropriate to do so for the reason that the alternative demand for forfeit against defendant Harrell grows out of the same transaction and circumstances. The trial court has maintained the exceptions in part and reserved to plaintiff the right to pursue the other part, which in effect is a recognition that plaintiff has stated a cause of action in that particular. Counsel for defendants does not question in brief or argument that the petition does set up a cause of action on the alternative demand and we agree that it does. As to the petition in regard to plaintiff’s right for specific performance we express no opinion.
This exact situation was presented in the case of Bailey v. Texas Pacific Coal & Oil Company, La.App., 134 So.2d 339, where the plaintiff demanded (1) to be decreed owner of overriding royalty interest in mineral leases, and, (2) that he obtain judgment for a sum of money alleged to be due him as a brokerage fee pertaining to some of the same leases. In that case the trial court maintained the exceptions as to demand (1) and overruled them as to demand (2). In that case as here, plaintiff’s demands are based on one incident and upon one set of facts and the same evidence for the most part will be required to support either or both demands. From a very concise opinion by Judge Hood of the Court of Appeal, Third Circuit, we quote the following :
“We think the jurisprudence of this State has been established to the effect that a suit will not he dismissed on exceptions of no right or no cause of action where the allegations of fact contained in the petition adequately set forth a right and a cause of action as to any part of plaintiff’s demands. Harwood Oil & Mining Co. v. Black, 240 La. 641, 124 So.2d 764; United Mine Workers of America v. Arkansas Oak Flooring Co., 238 La. 108, 113 So.2d 899; Acme Stores v. Better Business Bureau, 225 La. 824, 74 So.2d 43; Schackai v. Messa, 223 La. 626, 66 So.2d 573; Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45; Interim Television Corporation v. Cappel, La.App. 2 Cir., 94 So.2d 539; C. W. Greeson Co. v. Harnischfeger Corp., 219 La. 1006; 54 So.2d 528; *243 Keller v. Thompson, La.App. 2 Cir., 121 So.2d 575; Smith v. Kennon et al., 188 La. 101, 175 So. 763; Adkins’ Heirs v. Crawford, Jenkins and Booth, 200 La. 561, 8 So.2d 539; Waterworks District No. 3 v. City of Alexandria, 231 La. 908, 93 So.2d 211.
“We are aware of the fact that there is also a line of jurisprudence which holds that where two separate and distinct demands are set up in the same suit, an exception of no cause or right of action may lie to eliminate the one while the other is maintained. Succession of Curtis, 156 La. 243, 100 So. 412 (criticized by Supreme Court in Reeves v. Barbe, 200 La. 1073, 9 So.2d 426); Succession of Nelson, 163 La. 458, 112 So. 298; Trussell v. Land, La.App. 2 Cir., 19 La.App. 124, 138 So. 910; Saint v. Meraux, 163 La. 242, 111 So. 691; and Allison v. Aetna Life Ins. Co., La.App. 2 Cir., 158 So. 389. See also, 19 Tulane Law Review 17, 31.
"In the instant suit both of plaintiff’s demands are based on one incident, or upon one set of facts, and it appears to us that the same evidence would be required to support either or both of those demands. We think, therefore, that the petition does not set out two separate and distinct demands, but rather it sets out one cause of action on which plaintiff bases his demand for two separate types of relief. Under those circumstances we are convinced that exceptions of no cause and no right of action may not be employed to eliminate one demand while the other is maintained. For that reason, we feel that the general rule hereinabove first set out must be applied, and since the petition adequately sets forth a right and cause of action as to a part of plaintiff’s demands, the exceptions of no right or cause of action must be overruled.”
For these reasons the judgment appealed from is reversed and there is now judgment in favor of plaintiff overruling the exceptions of no right and no cause of action filed by defendants and the case is remanded to the Twenty-fourth Judicial District Court for the Parish of Jefferson for further proceedings consistent with the views herein expressed. All costs of this appeal are assessed against defendants-ap-pellees.
Reversed.