YARRUT, Judge.
From a judgment awarding Plaintiff damages and experts’ fees against Defendant, resulting from its entry on Plaintiff’s land, adjoining the public highway, for road construction purposes, during which a fence erected by Plaintiff was destroyed, Defendant has taken this appeal. T. L. James and Co., Inc., co-Defendant, was dismissed from the suit before trial on the merits. Reference to “Defendant” in the singular herein will be to Department of Highways.
Plaintiff’s petition alleged two causes of action, (1) damages for the destruction of its fence on the dividing line separating his property from the state highway, and (2) a possessory action to be maintained in possession, coupled with prayer for injunction against both Defendants. Plaintiff describes his property as follows:
“A certain portion of ground, together with all the buildings and improvements thereon and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Jefferson, State of Louisiana, in that subdivision known as Highland Acres, Section C, bounded by Jefferson Highway, Poultry Road and Citrus Road, which said portion of ground commencing at the intersection of Citrus Road and Jefferson Highway measures 345.48 feet front on Jefferson Highway, thence on a line parallel to Citrus Road 120 feet, thence on a line parallel to Jefferson Highway, in a south-easterly direction toward Citrus Road a distance of 345.-48 feet to Citrus Road, thence in a north-easterly direction along Citrus Road a distance of 120', to the intersection of Citrus Road and Jefferson Highway, the point of beginning. The said portion of ground is composed of the whole of Lots 24 through 33, inclusive, in accordance with a survey made by A. W. Bisso, C. E. & S., dated September 15, 1947, a copy whereof is annexed to an act before Cuthbert S. Baldwin, Notary Public, dated November 14, 1947.”
Exceptions of no right or cause of action were filed by Defendant, in limine, and maintained by the court only with respect to the damage claim, but overruled with respect to the possessory action. The maintenance of these exceptions was based on the holding by the district court that the Department of Highways, a State agency, was immune from suits ex delicto.
Defendant then filed an answer claiming title to a one-foot strip of ground enclosed within Plaintiff’s fence, and prayed for judgment accordingly, and for the dismissal of Plaintiff’s suit.
The case was then tried on the merits and, although giving reasons that Plaintiff was the owner of the one-foot strip, the District Judge rendered judgment against Defendant only for the value of the fence, plus $400.00 experts’ fees. Plaintiff did not answer the appeal and seeks only its affirmance.
While Plaintiff contends Defendant converted its “possessory” into a “petitory” action, we think the contest was an “action in boundary.” Neither questions the other’s title, merely questioning the proper location of the boundary between their adjoining properties. LSA-C.C.P. Arts. 3691-3693; LSA-C.C. Art. 841.
In Reasons for Judgment in favor of Plaintiff, the District Judge stated, inter alia:
« % *
“The plaintiff’s surveyor stated that he was unable to locate any of the original markers placed at the time the property was first subdivided in 1916 and, *173 therefore, utilized the built-up conditions to substantiate his findings. He further verified the accuracy of his conclusion by resorting to prior surveys of other engineers, which constituted a chain back to the time of the original plan of subdivision.
“The surveyor for the Highway Department predicated his findings on three (3) intermediate iron markers, which he identified as the original subdivision monuments because of their condition and appearance. He stated that they conformed to the original subdivision plan. However, he admitted that there were no markings to indicate by whom and when they were installed, nor could he unequivocably state that they were the original markers. This witness further acknowledged that he was unable to locate either of the original terminal monuments of the subdivision.
“After carefully considering all of the testimony and the methods employed to substantiate their respective conclusions, the Court is of the opinion that the determination made by the plaintiff’s surveyor more accurately establishes the true location of the right of way. Accordingly, the Court must conclude that the fence destroyed by the Highway Department was located on the plaintiff’s property, and he is entitled to be compensated for its replacement cost. The estimate filed into evidence establishes the cost of replacement to be in the sum of $643.-75.
“The Court is of the further opinion that the action of defendant in removing the fence required the plaintiff to procure the services of a surveyor to establish its location on his property and, therefore, entitle him to be compensated for its value. Since the need for these engineering services were the direct result of the defendant’s actions and essential for the plaintiff to protect his property rights, the fees of the expert in the sum of $400.00 are taxed as costs and are to be borne by the defendant.”
We can find no error in the findings of fact and conclusions of the District Judge that Plaintiff’s fence was on the proper boundary line, and that Defendant had no right to remove and destroy it. The action of Defendant in having the fence removed (which resulted in its destruction and loss) was not ex delicto, but in furtherance of its .constitutional and statutory authority to build highways and appropriate property therefor, but according to a fixed statutory procedure. We can see no difference in this case than had Defendant, in illegally exercising its right of appropriation, destroyed the fence, and later was denied the right of appropriation by the court for some valid reason. LSA-R.S. 48:21 to 48:26; LSA-R.S. 48:218.
Defendant contends that, as the decree of the District Court is silent as to title to to the one-foot strip, it forms no part of the judgment, citing: Green v. Marquette Casualty Co., La.App., 79 So.2d 116; Anderson v. Nugent, La.App., 16 So.2d 282; LSA-C.C.P. Arts 1917, 1918 and 1919.
Since the only possible basis for the. District Court’s decree awarding damages was its finding that Plaintiff had title, to the one-foot strip, it would serve no useful purpose to remand the case simply to have the District Court interpret its decree.
Our jurisprudence is well-settled that, notwithstanding Defendant is a State agency, as are Levee Boards and Police Juries, it cannot take or damage private property for public purposes, without paying just and adequate compensation therefor. Neither of said agencies enjoys the degree of sovereign immunity as does the State. Jarnagin v. Louisiana Highway Commission, La.App., 5 So.2d 660, 665; and cases therein cited; Angelle v. State, Dept. of Public Works, 212 La. 1069, 34 So.2d 321, 324, 2 A.L.R.2d 666; Bernard v. State *174 Dept. of Public Works, La.App., 127 So.2d 774, 777; Williams v. Department of Highways, La.App., 92 So.2d 98.
In Bernard v. State, supra, the Department proceeded to construct a drainage canal which was much wider and deeper than a road ditch formerly existing along the front of plaintiff’s property abutting a public road. The court said, inter alia:
“Appellant contends, however, that this is a tort action, rather than a suit for compensation for property appro-priáted by the State for public purposes. Accordingly, it is argued that the exception to the rule relating to the State’s immunity from suit * * * is not applicable here.

“In our opinion this is an action for compensation for property appropriated by the State for public purposes, and for that reason, the action may be maintained against the State of Louisiana, through the Department of Public Works, without the necessity of obtaining the consent .of the Legislature.”
In State Through Dept. of Highways v. Caldwell Brothers Real Estate, Inc., La. App., 155 So.2d 231, 233, it was held:
“Article 1, Section 2 of the Louisiana Constitution of. 1921, LSA, repeats the provision of Article 167 of the Constitution of 1913 to the effect that ‘ * * * private property shall not be taken nor damaged except for public purposes and after just and adequate compensation is paid.’ Under this fundamental protection of rights our courts have held that the right to compensation in this class of actions is distinguished from actions ex contractu or ex delicto and that the right of recovery is based upon the lawful damaging of private property for a public purpose; * *

“ * * * we observe that, while it is' true that the most general and acceptable rule for establishment of damage relates to diminution of market value, it must be pointed out that under certain circumstances such a method is neither fair nor just. The alternative procedure is the establishment of the reasonable cost of restoring the damage, upon the principle that the owner shall be put in as good position pecu-niarily as if his property has not been taken; * *
In Angelle v. State, supra, at p. 323 of 34 So.2d, the court held:
“ * * * a distinction between the destruction and damaging of private property by agents of the State while engaged merely in the performance of a governmental function and the deliberate taking or necessary damaging of property for the public use and benefit. In the first instance, the destruction or damage occurs not for a public-purpose but by reason of the negligence of the state officers or agents. In the latter, the property is taken or damaged under the power of eminent domain;, it is an appropriation for public purposes for which adequate compensation is guaranteed to the owner by Section. 2 of Article I of the Constitution.”
The action of Plaintiff in this case is to be reimbursed or compensated for the-deliberate — not negligent — taking or appropriation of his fence; he merely seeks to-be restored to the position that he enjoyed before such taking or appropriation.
In Williams v. Department of Highways,, supra, 92 So.2d at p. 100, plaintiff and others had executed a deed to the Highway-Department for a road and the Highway Department subsequently proceeded to construct the road in an entirely different area on plaintiff’s property, whereupon plaintiff sought to enjoin the Department from so> doing, and an injunction issued accordingly. The court said that:
“The right of a citizen to have judicially determined the public need for *175 Ris property and to receive payment for it * * * before it is taken from him is one of his fundamental liberties and is guaranteed to him by Article 1, Section 2 and Section 6, and by Article 4, Section 15, of the Louisiana Constitution. LSA Article VI, Section 19.1, Louisiana Constitution authorizes the Legislature to provide for the taking of property for highway purposes by ex parte court order prior to final judgment in expropriation suits, ‘provided that provision be made for deposit before such taking’ of the estimated value and damages.”
The allowance of Plaintiff’s experts’ fees of $400.00 was in order. Expenses of experts who have testified for landowners in expropriation proceedings have been allowed as a proper element of damage. See State v. Barineau, 225 La. 341, 72 So.2d 869; State Through Dept. of Highways v. Hart, La.App., 137 So.2d 361; Bernard v. State, supra.
However, no interest and only such costs .as are allowed by law, can be taxed against Defendant. Makofsky v. Department of Highways, 205 La. 1029, 18 So.2d 605; Westwego Canal & Terminal Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389.
The ruling, in limine, of the District 'Court, in maintaining the exception of no cause of action relative to Plaintiff’s ■claim for damages for the value of the. destroyed fence, was an interlocutory order ■and unappealable; hence, the Court had the right later to allow the damages, since evidence was admitted with respect thereto on the trial of the merits, and no remand is necessary.
A petition stating a cause of action .as to any ground for or portion of the demand will not be dismissed on an exception of no cause of action. Waterworks District No. 3 of Rapides Parish v. City of Alexandria, 231 La. 908, 93 So.2d 211; Ellzey v. Glaser, La.App., 128 So.2d 465; Hall v. Hall, La.App., 127 So.2d 347.
Defendants’ exception was not a motion for summary judgment under LSA-C.C.P. Art. 966, nor motion to strike irrelevant allegations under LSA-C.C.P. Arts. 964, 1915.
For the reasons herein assigned, the judgment appealed from is amended by eliminating interest, and limiting the costs to those specifically allowed by law and, as thus amended, is affirmed.
Judgment amended and affirmed.