GLADNEY, Judge.
Charles R. Foltz instituted this action to have decreed as null and void a judgment against him on the ground of fraud and ill practices employed in its procuration. From a judgment sustaining an exception of no cause or right of action plaintiff has appealed.
For cause of action the petition of appellant alleges that in the suit entitled “Irene Jones Foltz v. Charles R. Foltz, No. 170,489” on the docket of the First Judicial *377 District Court of Caddo Parish, a default judgment was confirmed and rendered on -the 20th day of October, 1965. The petition Therein alleged:
“As shown by the attached certified copy of the verified petition in the above referenced suit, defendant herein, plaintiff in the above referenced suit, alleged that: ‘Defendant herein left your petitioner, abandoned their home and refused to live with her there.’
“In truth and in fact, the defendant never abandoned the matrimonial domicile, but on the contrary has resided in the matrimonial domicile at 614 Topeka Street, Shreveport, Louisiana, since June .3, 1964, and is presently residing at that address.
“As shown by the annexed certified copy of the transcript of the proceedings in the above referenced suit, the defendant herein testified in that suit that plaintiff herein ordered her to leave the matrimonial domicile and that she left and went to live with her sister.
“In truth and in fact, plaintiff herein never ordered defendant herein to leave the matrimonial domicile, but on the contrary pleaded with her to stay.
“The mutually inconsistent allegations by defendant herein in her verified petition and her sworn testimony reflect that -the defendant herein has perjured herself in at least one of the two sworn statements.
“Additionally, plaintiff alleges that the defendant herein has committed perjury both in the original petition in the above referenced suit and in the sworn testimony in the above referenced suit inasmuch as petitioner herein never abandoned the matrimonial domicile nor did he ever order defendant herein to leave the matrimonial domicile.
“The perjury by the defendant herein ■as outlined above constitutes fraud and ill practices perpetrated upon this Court such as to entitle the plaintiff herein to an annulment of the above referenced judgment.”
Counsel for appellee argues the judgment appealed from should be sustained, first, for the reason the trial judge did not believe the testimony was perjured, and secondly, because appellant did not appeal from the judgment under attack. We do not consider these contentions sufficient to support the judgment under attack.
For the purpose of an exception of no cause of action the trial court must accept the well-pleaded facts of the petition as being true. As stated in-appellant’s petition, the commission of perjury is alleged. Appellant’s failure to appeal the judgment which he now seeks to have declared null cannot be urged on the exception. Failure to judicially attack the decree timely is governed by the statute of limitations which, as provided by LSA-C.C.P. 2004, must be brought within one year of its discovery.
Upon confirmation of a default pleadings may not be considered as enlarged by reason of additional or inconsistent testimony since the defendant is not present and does not consent thereto. Admiral Finance Company No. 3 v. Mahoney, 121 So. 2d 251 (La.App., 1st Cir. 1960) and authorities cited therein.
The allegations of plaintiff’s petition with respect to fraud and ill practices predicated upon charges of perjury set forth a cause of action. Adkins’ Heirs v. Crawford, Jenkins & Booth, 200 La. 561, 8 So.2d 539 (1942).
For the reasons hereinabove set forth, the judgment appealed from is reversed, and the exception of no cause and no right of action is overruled. The cause is remanded to the First Judicial District Court for the Parish of Caddo for further proceedings consistent with this decree, costs of this appeal to be taxed after A determination of the case on its merits.