STOKER, Judge.
This appeal presents the issue of whether a partial judgment of dismissal may be granted on an exception of no cause of action. More specifically, where alternative demands are asserted, may an exception of no cause of action be sustained as to the primary demand, reserving to the plaintiff the right to pursue the alternative demand? The trial court adopted such a course in this case. As we believe this was error, we reverse.
The petition of plaintiff-appellant, Jack-lynn Guiffrida, alleges that she entered into a verbal agreement with defendant, Donald J. Bourque. Under the agreement plaintiff gave defendant a $3,000 bank money order, and defendant agreed to purchase, in plaintiff’s name, a Ve interest in certain immovable property located in Lafayette Parish. The money order was made payable to defendant. He did purchase the interest in the property but has refused to convey the Ve interest to plaintiff. In her petition plaintiff seeks to be recognized as owner of an undivided Ve interest in the subject property. She also seeks to have defendant account for all rentals received by him from the property and $10,000 in damages.
Alternatively, plaintiff-appellant prays for a return of her $3,000 and for $10,000 in damages with judicial interest and costs.
In a first amending petition, plaintiff alleges that defendant’s action constituted fraud. In her brief plaintiff urges that the element of fraud authorizes the admission of parol evidence to prove the verbal agreement.
Defendant filed a peremptory exception of no cause of action on the ground that plaintiff seeks to enforce a contract for an interest in immovable property not embodied in a written instrument.
The trial court sustained the exception of no cause of action and dismissed it with full prejudice “except to the extent that plaintiff’s petition states a cause of action for the rescission of the contract and a return of plaintiff’s money.” Thus, the trial court’s judgment consisted of a partial dismissal only. Plaintiff then amended her petition[1] to allege that defendant had made “legal” delivery of the property to plaintiff as contemplated by LSA-C.C. art. 2275, but defendant continued to refuse to make actual delivery by acknowledging her ownership in the public records. The trial court sustained an exception of no cause of action as to this amendment. The second judgment dismissing plaintiff’s suit as amended contained a savings clause similar to that contained in the first judgment reserving to plaintiff the right to pursue her action for rescission of the contract and return of her money.
SPECIFICATION OF ERROR
As specification of error plaintiff sets forth in her brief the following: “The trial court was manifestly erroneous in concluding that under the facts, as pleaded, plaintiff was not entitled to be declared owner of the property described in the petition.”
*1267 Argument in plaintiff’s brief amplifies plaintiff’s theory of error. Plaintiff points to its pleading (embodied in all amendments) that delivery was made to her and defendant was guilty of fraud. She urges, therefore, that the trial court erroneously applied the rule of LSA-C.C. art. 2275 making parol evidence inadmissible to prove a contract relating to immovables. Instead, argues plaintiff, this article of the Civil Code and the following article, Article 2276, contain exceptions to the general rule excluding parol evidence.[2] Plaintiff urges that under Article 2275, with delivery having been alleged, she is entitled to show that defendant confessed his use of her money on her behalf through a sworn deposition given on December 27, 1977. Plaintiff urges that Article 2276 is inapplicable when fraud is alleged. Therefore, plaintiff urges it was error for the trial court to fail to consider her demands that she be declared a Vi owner of the property in question.
In its reasons for judgment the trial court did not address itself to the question of the alleged exceptions to the parol evidence rule. It simply held that parol was inadmissible to prove an ownership interest in the property.
Irrespective of the merits of plaintiff-appellant’s position and, therefore, the correctness of the trial court’s ruling, we do not regard this as the issue on which the case should turn at this stage of the proceedings.[3] As we see the matter a different issue is presented by this appeal.
MAY A PARTIAL JUDGMENT BE GRANTED UNDER THE CIRCUMSTANCES OF THIS CASE?
The issue here is whether plaintiff-appellant’s primary demand may be eliminated by a partial judgment as was done in this case. The trial court correctly recognized that the alternative demand as stated supports a cause of action.
An exception of no cause of action questions the sufficiency of the petition as a whole, and therefore, as stated by our Supreme Court in Little v. Haik, 246 La. 121, 163 So.2d 558 (La.1964), should be overruled where plaintiff’s allegations set forth a cause of action as to any part or portion of the demand. In that case, the plaintiff’s demands were very similar to those of plaintiff in the case before us. Plaintiffs had prayed that Haik be ordered to convey to them a % interest in certain mineral leases which stood solely in his name, allegedly purchased for the joint account of all parties. Alternatively, plaintiffs sought the recovery of the amount of their personal expenditure in rendering professional services on the basis of quantum meruit. There the exception of no cause of action was overruled by the trial court. On review the Supreme Court stated:
This [overruling of the exception of no cause of action] was correct since plaintiffs had alleged in their alternative demand, based on a quantum meruit for services rendered and monies advanced, a cause of action provable by parol evidence.[1]
Footnote number 1 in Little v. Haik, supra, reads:

1. It is well settled that a petition stating a cause of action as to any ground for or portion of the demand will not be dismissed on an exception of no cause of action. Ane v. Ane, 225 La. 222, 72 So.2d 485; Waterworks District No. 3 v. City of Alexandria, 231 La. 908, 93 So.2d 211 and cases there cited.

*1268 The course adopted in the trial court in the case before us was considered and rejected by this court in Bailey v. Texas Pacific Coal and Oil Company, 134 So.2d 339 (La.App. 3rd Cir. 1961). There the plaintiff demanded (1) that he be decreed owner of overriding royalty interests in certain oil, gas, and mineral leases, and (2) that he obtain judgment against defendant for a brokerage fee. The trial court sustained the exceptions of no right and no cause of action and dismissed plaintiff’s entire suit. All agreements relating to the matter were verbal. On appeal, counsel for defendant conceded that plaintiff had alleged facts sufficient to state a cause of action as to the brokerage fee. However, inasmuch as parol evidence was inadmissible to establish the transfer of a mineral interest, defendant contended that the trial court was correct in sustaining the exceptions on the portion of the demand seeking transfer of the mineral interest. Hence, defendant contended it was proper to grant a partial judgment dismissing the one demand but not the other.
The Court of Appeal for this circuit discussed this contention as follows:
We think the jurisprudence of this State has been established to the effect that a suit will not be dismissed on exceptions of no right or no cause of action where the allegations of fact contained in the petition adequately set forth a right and a cause of action as to any part of plaintiff’s demands. (Citations omitted.)
We are aware of the fact that there is also a line of jurisprudence which holds that where two separate and distinct demands are set up in the same suit, an exception of no cause or right of action may lie to eliminate the one while the other is maintained. (Citations omitted.)
In the instant suit both of plaintiff’s demands are based on one incident, or upon one set of facts, and it appears to us that the same evidence would be required to support either or both of those demands. We think, therefore, that the petition does not set out two separate and distinct demands, but rather it sets out one cause of action on which plaintiff bases his demand for two different types of relief. Under those circumstances we are convinced that exceptions of no cause and no right of action may not be employed to eliminate one demand while the other is maintained. For that reason, we feel that the general rule hereinabove first set out must be applied, and since the petition adequately sets forth a right and a cause of action as to a part of plaintiff’s demands, the exceptions of no right or cause of action must be overruled.
In view of this conclusion, it is not necessary for us to consider the other issues presented. We particularly express no opinion whatsoever on the question of whether parol evidence may or may not be admitted to establish the alleged transfer of overriding royalty interests. In the trial of the case on the merits, we assume that the trial court will rule on that matter if and when parol evidence is offered.
The following conceptual distinctions pertinent to considerations involved here were made by Professor Henry George McMahon in 23 La.L.Rev. 378 at pages 385-86.
The distinction between the cumulation of two or more separate actions in the same suit and plural prayers for relief based on the same cause of action is procedurally important. An exception lies to dismiss one of two or more separate causes where the petition discloses no right or cause of action with respect thereto; but the exception does not lie if a single cause of action is asserted and the petition discloses a right to any of the plural relief demanded.
On the basis of this court’s ruling in Bailey v. Texas Pacific Coal and Oil Company, supra, we conclude that a partial judgment on an exception of no cause of action under such circumstances as presented in this case may not be granted and the trial court must be reversed.[4] We do not, by *1269 anything previously stated in this opinion, express any views on the specific question of whether parol evidence should be admitted to prove plaintiff’s primary demands.
For the foregoing reasons the judgment of the district court is reversed, the exception of no cause of action filed by defendant is overruled, and the case is remanded to the district court for further proceedings consistent with the views expressed herein. All costs of this appeal are assessed to the defendant-appellee.

REVERSED AND REMANDED.

. Second Amending Petition.

. These articles, LSA-C.C. arts. 2275 and 2276, read as set forth below and are contained in a section of the Civil Code headed “Of Testimonial Proof’:
Art. 2275. Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold.
Art. 2276. Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.

. We express no opinion on these issues.

. The Bailey case has been cited approvingly in the following cases: Lindsay v. Treadaway, 138 So.2d 241 (La.App. 4th Cir. 1962), cert. den. (April 19, 1962); City of Natchitoches v. State *1269 of Louisiana, 221 So.2d 534 (La.App. 3rd Cir. 1969) writ den., 223 So.2d 870 (La. 1969); Hayes v. Muller, 146 So.2d 176 (La.App. 3rd Cir. 1962) (Certified to the Louisiana Supreme Court on other issues); Matte v. Continental Trailways, Inc., 278 So.2d 60 (La. 1973); International Harvester Credit Corporation v. McGill, 281 So.2d 795 (La.App. 3rd Cir. 1973); Peltier v. Seabird Industries, 309 So.2d 343 (La.1975) (See Justice Barham’s concurring opinion); and Wilder v. Thrower, 337 So.2d 304 (La.App. 3rd Cir. 1976).